## State Nat. Bank of Maysville v. Chesapeake & O. Ry. Co.

June 11, 1940.

C. D. Newell, Judge.

B. S. Grannis and Richard P. Dietzman for appellant.

LeWright Browning and Browning, Zeigler & Cochran for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The State National Bank of Maysville, Kentucky, recovered judgment against the Chesapeake & Ohio Railway Company for loss sustained by reason of the issuance of two bills of lading for shipments of poultry from Maysville to New York, which instruments formed the security for drafts by the stated consignor upon the stated consignee. The Bank discounted the drafts and paid the former. It developed that the bills of lading had been issued without the shipments having been received by the carrier. We reversed the judgment because under the provisions of the Federal Bill of Lading Act, 49 U. S. Code, Sections 81 to 124, 49 U. S. C. A., Sections 81-124, the Bank, as transferee or assignee of

straight bills of lading, acquired only the rights of the transferor or assignor and in this instance it had perpetrated the wrong. Chesapeake & O. Railway Company v. State National Bank of Maysville, 280 Ky. 444, 133 S. W. (2d) 511. In accordance with the mandate of this court, the judgment was set aside and the circuit court adjudged that the plaintiff take nothing by his petition and dismissed it. The Bank prosecutes an appeal from that judgment.

The appellant renews its argument that it did not take an assignment of the bills of lading and never acquired the goods represented by them; that its cause of action is for deceit; that though it springs from the issuance of those instruments they were in fact but notices or representations that the Railroad Company had in its possession two car loads of poultry consigned and belonging to the consignee stated therein; that upon faith of those representations the Bank had extended credit, and when the representations proved to be false it had lost money. It is submitted that the loss would have been sustained had the Railroad Company merely written a letter or orally advised the Bank of the facts represented by the bills of lading, and that under the facts they should be regarded in the category of instruments of deceit. We are not convinced that our decision to the contrary is erroneous.

The former opinion is the law of the case and the judgment must be and it is affirmed.

Judge Rees not sitting.