**ANTHONY FLORIO v. COLQUITT HARDWARE COMPANY, INC., a Georgia corporation.**

33 So. (2nd) 722      January Term, 1948
January 27, 1948      Division A.
Rehearing denied February 24, 1948

*Hendricks & Hendricks,* for petitioner.

*Redfearn & Ferrell* and *E. O. Simon,* for respondent.

CHAPMAN, J.:

The record in this case discloses that the Colquitt Hardware Company, Inc., on December 28, 1946, pursuant to order shipped over the Seaboard Air Line Railway Company's road one car load of lumber from Bainbridge, Georgia, to Anthony Florio at Miami, Florida, with a bill of lading attached to a sight draft on Florio and the same was deposited for collection with the Florida National Bank & Trust Company of Miami. The lumber reached Miami in due course but Florio did not pay the draft nor accept the car load of lumber. Then on February 3, 1947 the sight draft was withdrawn from the bank and placed in the hands of counsel for the Colquitt Hardware Company.

On January 27, 1947, Anthony Florio filed a common law action against the Colquitt Hardware Company in the Civil Court of Record of Dade County, Florida, and in an affidavit for attachment asserted that the Colquitt Hardware Company was due him the sum of $1,573.60. An attachment bond was filed and the Sheriff of Dade County, Florida, on January 27, 1947, attached the car load of lumber. On March 3, 1947, Anthony Florio filed his declaration in the cause, consisting of the common counts in which he claimed the Colquitt Hardware Company was due him the sum of $1,573.60 as set out supra in his affidavit of attachment.

On February 5, 1947, the Colquitt Hardware Company, under Section 76.18, F.S.A., filed with and had approved by the Sheriff of Dade County, a forthcoming bond in the sum of $3,147.20, which bond bore the name of Colquitt Hardware Company, Inc., a Georgia Corporation, as principal, and the Maryland Casualty Company, as surety. The condition of the bond was viz:

"The condition of this obligation is such that WHEREAS, the Sheriff of Dade County, Florida, has levied an attachment on a car load of lumber owned by the defendant, consisting of the following:

"Car No. and Int. A. T. S. F. 138724

12,201.50 B. R. 2/32 Oak Flooring at 175 M _____$2,135.26

2,477.00 B. F. No. 3 Oak Flooring at $100 M _____ 247.70

_____

$2,382.96

and the defendant wishes to re-claim the property and have the same restored to him; now if the said Colquitt Hardware Company, Inc., shall have the said property forthcoming on the final determination of the cause, hereinabove stated and abide the final order of the court, then bond to be void, else to remain in full force and effect."

Upon the approval by the Sheriff of the forthcoming bond the lumber was by the Sheriff delivered to the Colquitt Hardware Company, or its agents, attorneys or representatives.

Two motions to dissolve the attachment on various grounds were filed in the cause and heard by the court on

February 21, 1947, when an order was entered dissolving and dismissing the writ of attachment previously issued in behalf of Anthony Florio. A petition for rehearing was filed by Florio and heard by a judge of the Civil Court of Record and on March 19, 1947, an order was entered denying the petition for rehearing.

On March 3, 1947, the Colquitt Hardware Company filed a special appearance in the cause for the sole and limited purpose of objecting to the jurisdiction of the court over its person and over the subject matter of the suit. The special appearance is viz:

"COMES NOW the defendant and files this its statement of grounds of its special appearance heretofore filed herein, and its motion to quash, as required by law, as follows:

"1. There has been no service of process upon defendant as required by law.

"2. There has been no valid writ of attachment issued and executed as required by law to give the court jurisdiction over the defendant or jurisdiction over the subject matter.

"3. The Court has no jurisdiction herein.

"4. Said suit was commenced by attachment and was dissolved on motion before appearance to the action by order entered herein on the 21st day of February, 1947, and said suit thus did abate and was dismissed from court as by law provided."

On March 19, 1947, the Judge of the Civil Court of Record entered an order holding that no valid writ of attachment issued in the cause and the same was dissolved by a previous order before an appearance was filed and that the said suit was thereby abated and dismissed by operation of law; that the court was without jurisdiction and that the special appearance of Colquitt Hardware Company was sustained.

The following appears in the transcript of the record:

"STIPULATION OF ATTORNEYS FOR PLAINTIFF AND DEFENDANT. IT IS STIPULATED by counsel for the respective parties to this case:

"1. That on December 28th, 1946, defendant shipped to plaintiff car number and initial A. T. S. F. 138724. That a draft, 'At sight order notify,' payable to the order of Colquitt Hardware Company, Inc., Bainbridge, Georgia, for $2,016.00, was drawn on plaintiff and set to the Florida National Bank in the City of Miami, Florida, for collection.

2. That on the 27th day of January, 1947, the Sheriff of Dade County, Florida levied an attachment upon the carload of lumber described in the preceding paragraph.

"3. That on the 3rd day of February, 1947, the defendant instructed the Florida National Bank to deliver to Redfearn & Ferrell, its attorneys, the Order Bill of Lading.

"4. That on the 5th day of February, 1947, the defendant gave a forthcoming bond for the carload of lumber, described in the first paragraph of this stipulation, took possession of said carload of lumber and used the same as its property.

"5. That said carload of lumber hereinabove described has at all times from the date it arrived in Miami, Dade County, Florida, until the date that the same was reshipped by the defendant as its property, remained on the railroad track of Seaboard Air Line Railway Company."

An appeal was perfected by the original plaintiff (Anthony Florio) to the Circuit Court of Dade County, Florida, from the order dissolving the attachment dated February 21, 1947, and the order dated March 19, 1947, sustaining the special appearance of the Colquitt Hardware Company and the dismissal of plaintiff's cause of action. Several other adverse orders were assigned as error on the appeal, but, after due consideration, the several orders complained of were duly affirmed by the Circuit Court. The original plaintiff, by his petition for a common law writ of certiorari filed in this Court, contends that the order of affirmance as entered by the Circuit Court of Dade County is and does now constitute a departure from the essential requirements of the law and should therefore be quashed by appropriate orders and decrees of this Court.

The contention is made that the issuance of the writ of attachment by the Civil Court of Record and the seizure there-

under by the officers is void ab initio and prohibited by the terms and provisions of Section 103 of Title 49, U. S. C. G., which is viz:

"103. Attachment, etc., of Goods Delivered to Carrier.— If goods are delivered to a carrier by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner, and an order bill is issued for them, they can not thereafter, while in the possession of the carrier, be attached by garnishment or otherwise or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation enjoined. The carrier shall in no case be compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court."

We have examined the numerous authorities relied upon to sustain the contention. The record discloses that the order of bill of lading was delivered by the Florida National Bank & Trust Company on February 3, 1947, at the direction of the Colquitt Hardware Company of Bainbridge, Georgia, to its attorney in Miami, Florida, and no issue was made as to the ownership of the order of bill of lading and the Seaboard Air Line Railway Company is not here complaining because the order of bill of lading was surrendered to it by counsel for the Colquitt Hardware Company upon the delivery of the lumber. It is our conclusion, after careful consideration, that Section 103, supra, is not authority for dissolving a writ of attachment issued by a State Court and holding the same void ab initio, as was done in the case at bar. See Chicago, & N. W. Ry. Co. v. Durham Company, 271 U.S. 251, 46 S. Ct. 509; 70 L. ed. 930; Chesapeake & Ohio R. Co. v. State National Bank, 280 Ky. 444, 133 S.W. (2nd) 511, 283 Ky. 443, 141 S.W. (2nd) 869, 130 A.L.R. 1306.

It is not disputed that the Colquitt Hardware Company on February 5, 1947, gave a forthcoming bond as prescribed by statute for the car of lumber, which was approved by the Sheriff of Dade County, and the possession of the lumber delivered to its counsel. The second motion to dissolve the attachment on different grounds was filed on February 17, 1947. When the cause was orally argued by counsel at the bar of

this Court the statement was made and not challenged that "the forthcoming bond was filed and approved on February 5, 1947, prior to the filing of the two motions to dissolve the attachment by the Colquitt Hardware Company."

Section 76.27, F.S.A., provides that the appearance of the defendant shall be entered upon the day of filing the declaration. If the property be retaken by the defendant, such retaking shall be considered as an appearance by the defendant as of the rule day next succeeding such retaking (to-wit the rule day in March, 1947) and the plaintiff shall be held to file his declaration upon the said rule day or that next succeeding. The signing by the defendant, Colquitt Hardware Company, of the forthcoming bond, the delivery thereof and approval by the Sheriff of Dade County, and the retaking of the lumber previously attached, gave the Civil Court of Record jurisdiction of the defendant and the subject matter of the suit. See State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So. (2nd) 324.

The contention is made that this Court is powerless to hear and determine the merits of the petition for writ of certiorari because there is no final judgment adjudicating the rights of the parties. The answer thereto is our previous ruling in Goodkind v. Wolkowsky, 151 Fla. 62, 9 So. (2nd) 553, when this Court, speaking through our now retired Mr. Justice ARMSTEAD BROWN, in part said:

"The general rule is that this court will not, on certiorari, quash a judgment of the circuit court rendered in the exercise of its final appellate jurisdiction unless such judgment is a final adjudication of the case, or so final in its nature as to amount to a final adjudication. But there are certain well recognized exceptions. These are: Where the judgment of the Circuit Court is rendered without or in excess of its jurisdiction; where the judgment of the circuit court is a palpable miscarriage of justice; or where the result of such judgment would constitute a substantial injury to the legal rights of the petitioner; or where the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law, the violation of which by the judgment has resulted, or reasonably may and probably will

result, in substantial injury to the legal rights of the petitioner, and for which no other adequate remedy is afforded by law. In such cases the common writ of certiorari will lie. . . . "

See Janet Realty Corporation v. Hoffman's Inc., 154 Fla. 144, 17 So. (2nd) 114.

For the reasons above stated, the writ of certiorari is granted and the judgment of the Circuit Court presented here on petition for certiorari and accompanying the transcript is hereby quashed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.