135 So.2d 889 (1961)
STATE of Florida, Petitioner,
v.
Harold EDWARDS, Respondent.
No. 2618.
District Court of Appeal of Florida. Second District.
December 27, 1961.
Richard W. Ervin, Atty. Gen., Robert R. Crittenden, Asst. Atty. Gen., Paul B. Johnson, State's Atty., and John R. Lawson, Jr., Asst. State's Atty., Tampa, for petitioner.
Pat Whitaker, Jr., Tampa, for respondent.
KANNER, Acting Chief Judge.
Petitioner, the State of Florida, through certiorari seeks to have this court review and quash an order of the Circuit Court of Hillsborough County. The assaulted order is one through which the court denied petition for rehearing subsequent to its reversal of defendant's judgment of conviction of a misdemeanor in the Criminal Court of Record of that county. The trial was by jury, and the reversal was by the circuit court sitting as a court of final appellate jurisdiction.
The misdemeanor charged was illegal possession of deer, the carcasses of which were discovered in the trunk of defendant's car by police officers who had halted him and advised him that he was guilty of careless driving in violation of a municipal *890 ordinance of the City of Tampa. Defendant had opened the trunk of his car after one of the officers, noting a brown spot on the rear bumper, ordered him to do so.
In the trial court, a motion to suppress the evidence, timely interposed by defendant, was denied. Defendant was convicted and sentenced, and the appeal ensued. The circuit court on review stated that the lawfulness of the search depended upon whether or not it was incident to a lawful arrest and whether the officers had complied with the reasonable requirements for making an effective and lawful arrest. After discussing the evidence, the court then determined that the trial judge had erred in denying the motion to suppress, since "* * * there existed no probable cause for the stopping of appellant's automobile."
The state filed petition for rehearing, contending that the defendant had entered a plea of guilty in the municipal court to the charge of careless driving and that this precluded him from questioning the propriety of the arrest. A form titled "Appearance, Plea of Guilty and Waiver," utilized by the City of Tampa, had been signed by defendant as to the careless driving charge. The appellate court ruled that this was an out-of-court matter handled by city police officers and that the form, which defendant had signed a substantial time after the search of his automobile and his arrest, was for use only by the administrative officers of the Municipal Court of the City of Tampa. Again, it was found that the evidence before the court was inadequate to permit the introduction of the evidence sought to be suppressed.
No jurisdictional question is involved. The effect of the petitioner's position is that the circuit court, as the appellate court, departed from the essential requirements of law. The burden of demonstrating this is upon the petitioner. Collier v. City of Homestead, Fla. 1955, 81 So.2d 201. It is apparent, from the orders of reversal and denial of petition for rehearing, that the appellate court had before it the record of the testimony, together with the form urged by the state to have constituted a plea of guilty in the municipal court. The petition for writ of certiorari is unverified; the state does not set out in the allegations of the petition the plea of guilty which it relies upon, exhibit 5, nor is this exhibit made a part of the record offered in support of the petition. Neither do the allegations with the supporting record otherwise furnish an adequate basis upon which this court could determine whether the appellate court departed from the essential requirements of law in holding that the motion to suppress should have been granted.
In addition to the insufficiency of the record, the order sought to be quashed is not that which reverses the judgment of the trial court, but rather an interlocutory order denying petition for rehearing. Generally, common law certiorari lies to review only a final judgment or one so final in its nature as to amount to a final adjudication. Florio v. Colquitt Hardware Co., 1948, 160 Fla. 92, 33 So.2d 722; 5 Fla.Jur., Certiorari, section 11, p. 495. Although in exceptional cases certiorari may lie for review of interlocutory orders in law cases, the exceptions to the finality requirement are not so broad as to require this court to address a discretionary writ of certiorari to an interlocutory order denying petition for rehearing such as was entered by the circuit court in the cause here considered. See generally 5 Fla.Jur., Certiorari, section 13, p. 497, and section 14, p. 500.
In view of the inadequacy of the record and the direction of the petition to the inappropriate order of the appellate court, it is our view that petitioner has failed to carry its burden of making error clearly appear.
We conclude by commenting that our denial of certiorari cannot be interpreted as a determination of the issues presented in the petition requesting such a review and cannot be used as precedent *891 or authority for or against the propositions raised by either party in the proceedings. Southern Bell Telephone & Telegraph Co. v. Bell, Fla. 1959, 116 So.2d 617, and Collier v. City of Homestead, supra.
Certiorari is denied.
SMITH and WHITE, JJ., concur.