HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, *Petitioner*, v. CITY OF THOMASVILLE, GEORGIA, for the Use and Benefit of JNO. KARNER, *Respondent*.

En Banc.

Opinion filed September 6, 1930.

*Bedell & Bedell,* for Petitioner;

*Charles Cook Howell,* for Respondent.

On Petition for Rehearing.

TERRELL, C. J.—The City of Thomasville, a municipal corporation under the laws of the State of Georgia, for the benefit of Jno, Karner, brought an action at law in the civil court of record of Duval county, Florida, against Hart--

ford Accident and Indemnity Company upon a statutory bond, given pursuant to a Georgia statute. The civil court of record declined to exercise jurisdiction and dismissed the cause. On appeal, the Circuit Court of Duval County reversed the judgment of the civil court of record and directed that it "proceed further in said cause in accordance with law and consistent with this judgment." Petitioner seeks to have the judgment of the circuit court reviewed and quashed on *certiorari*.

Two questions are presented here for our consideration, viz.; (1) Had the civil court of record jurisdiction of the cause that it could exercise under the rule of comity, and (2) Was the judgment of the Circuit Court of Duval County such a judgment as can be reviewed by *certiorari*.

The rule of judicial comity has reference to the principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another state, not as a matter of obligation, but out of deference and respect. Black's Law Dictionary. While the statutes of one state have no force or effect in another state, courts of justice in one state will by the rule of comity assume jurisdiction of causes of action which are transitory in their nature and arise under the law of a foreign state. The courts of a state may likewise assume jurisdiction of an action arising under the common law of another state, though there be a variance of view as to the law which controls, provided such variance does not amount to a fundamental difference in policy. 15 C. J. 778.

The extent and scope to which the rule of comity will operate is not universal but will be determined by each sovereignty under the controlling facts of the particular case. It does not require a court to enforce rights given by the statutes of another state to the prejudice of its own citizens, or when complete justice cannot be done nor will

the courts of one state enforce laws of another state which are repugnant to its own or to public policy. Marshall v. Sherman, 148 N. Y. 9, 42 N. E. R. 419, 51 Am. St. R. 654, 34 L. R. A. 757; 15 C. J. 780, and cases cited; Mott v. First Nat'l Bank, 124 So. R. 36.

The application of the rule of comity is dependent on whether or not the action is a transitory one. Under the common law as understood in most jurisdictions in this country and in England every action "founded on a local thing" is itself local. In this view when the subject of the injury is real estate, whether in tangible form or as an easement or right of way the action "must be local for the reason that the injury to that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated"; but if the subject of the injury is an individual, then an injury to that individual person, no matter by what means occasioned or when accomplished, "is essentially an injury to a subject not having a fixed, stationary, immovable location, and an action to recover damages therefor would necessarily be transitory." In other words, the test for the proper action venue has generally been not whether the direct effect of the action would be *in rem* or *in personam,* but whether the occurrence giving rise to the action could have happened only in one place or might have happened anywhere. 40 Cyc. 18; Brown on Jurisdiction, Sec. 27a.

The action under review was predicated on a bond made pursuant to a Georgia statute. It created a substantive right which might have accrued within or beyond the boundary of Georgia but in either event would follow the person in whom it accrued. In the instant case it followed Karner to this State, it is not shown to be repugnant to any statute or public policy of ours nor is it claimed that to enforce it would prejudice the rights of a citizen of

Florida. Section 3533, Rev. Gen. Stats. of 1920, (Section 5397, Comp. Gen. Laws of 1927) is of like import. We think, therefore, that it is transitory and may by comity be enforced in this State. Federal Surety Company v. City of Staunton, 19 Fed. (2nd) 9, Stewart v. Baltimore & O. R. Co., 168 U. S. 445, 18 Sup. Ct. R. 105, 42 Law Ed. 537, Morris v. Missouri Pac. Ry. Co., 78 Tex. 17, 14 S. W. R. 228, 22 Am. St. R. 17; 5 R. C. L. 915.

May the judgment of the Circuit Court of Duval County be reviewed on *certiorari*.

Ordinarily the judgment of an inferior court will not be reviewed by this Court unless such judgment is a final adjudication of the cause. First National Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 So. R. 618. The writ of *certiorari* as used in Section 5 of Article V of our Constitution has reference to the common law writ which was employed to review proceedings before and after final judgment where there was no adequate remedy at law. 4 Enc. of Pleading and Practice 42.

Petitioner contends that any order or judgment of an inferior court which has the effect of unduly extending the jurisdiction of that court may be reviewed on *certiorari* without awaiting the final outcome of the litigation. This contention is well supported State ex rel. Walker v. Dobson, 135 Mo. 1, 36 So. W. R. 238, State ex rel. v. Herbert, 127 Tenn. 220, text 241, 154 So. W. R. 957, State ex rel. McMorrow v. Hunt, 137 Tenn. 243, 192 So. W. R. 931. We recognize exceptions to the general rule as stated in First National Bank v. Gibbs, *supra,* but we do not think the facts as presented in this case bring it within the rule or the exception as contended for by petitioner.

It follows that a writ of *certiorari* must be and is hereby denied.

WHITFIELD, STRUM and BUFORD, J. J., concur.