PER CURIAM.
The plaintiff, Olson, was the owner of a fire insurance policy written by the defendant insurance company on certain real property located in Nassau County, Florida. The insurance contract had been entered into in Dade County, Florida with an agent of the defendant. The insured’s property was subsequently damaged and the plaintiff sought indemnification under the insurance policy from the defendant. Upon failure of the insurance company to pay the claimed loss, the plaintiff filed the instant suit in Dade County seeking to recover for the damage sustained.
This interlocutory appeal is taken by the defendant from an order denying its motion to dismiss an amended complaint at law. The motion to dismiss was upon the ground of lack of jurisdiction over the subject matter and improper venue. Only the question of proper venue has been presented here.
It is appellant’s position that because it is sued upon a fire insurance policy the action is local in nature and must be brought where the alleged loss, was sustained. Appellant relies upon Hartford Accident and Indemnity Company v. City of Thomasville, Georgia, 100 Fla. 748, 130 So. 7 (1930). In that case the petition for certiorari was to review an order of the circuit court which reversed a judgment of the Civil Court of Record of Duval County. The judge of the Civil Court of Record had dismissed an action at law brought upon a statutory bond given pursuant to a Georgia statute. The Supreme-Court in discussing the applicability of the rule of comity said that the applicability of the rule is dependent upon whether the action is a transitory one. It was pointed out that the action was predicated upon a bond given pursuant to a Georgia statute and as. such, it created a substantive right which might have accrued within or beyond the-boundary of Georgia. It was therefore held that the action was transitory. We- *596 are unable to say how the City of Thomasville case, supra, determines that the action in the present instance is local. The action here accrued when the insurance company allegedly violated its contract by failing to pay the claim. The fact that the damage to the insured’s premises occurred in a county other than where the suit was brought in Florida does not establish that the venue is improper. In the absence of a specific statute to the contrary we hold that this action on an insurance policy was transitory. See 46 C.J.S. Insurance § 1252b and cases cited therein.
Appellant further urges that even if it should be held that the action is transitory in nature, the motion to dismiss should have been granted by the trial court because the complaint and the exhibits, together with the other proof before the court failed to sustain plaintiff’s alleged burden of showing venue was properly in Dade County.
The appellee urges that she properly brought suit in Dade County in accordance with section 46.04 Fla.Stat., F.S.A., which reads in part as follows:
“ * * * ancj jn tjie case 0f companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice’s district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated.”
Appellee contends that because a summons was served upon the agent of the insurance company who issued the insurance policy and the policy was attached to the complaint and it shows that this agent has his business in Dade County, Florida, it therefore affirmatively appears that service was had upon the defendant through its agent in Dade County. We cannot accept this proposition because if the exhibit to the complaint is accepted as an allegation that the person served was an agent of the insurance company, it can only be an allegation that he was an agent at the time the policy was issued and not necessarily at the time of the service of process.
Nevertheless, we think that appellant’s position that the plaintiff has the burden of pleading and proving venue is not well taken. The burden of pleading and proving that venue is improper is upon the defendant. Inverness Coca-Cola Bottling Co. v. McDaniel, Fla.1955, 78 So.2d 100; Tribune Co. v. Approved Personnel, Inc., Fla.App.1959, 115 So.2d 170.
It should be noted that the appellant-defendant did not, in its motion to dismiss which was filed in the trial court, or in the assignments of error filed in this Court, attack the jurisdiction over the defendant secured by the service of summons on the alleged agent of the defendant. Accordingly, this matter is not before us for review.
Affirmed.