236 So.2d 133 (1970)
Victor P. KEAY and Virginia M. Keay, His Wife, and Robert Deschamps and Josette Deschamps, His Wife, and Lola Kramer, Jointly and Severally, Appellants,
v.
CITY OF CORAL GABLES, a Municipal Corporation of the State of Florida, and the University of Miami, Inc., a Non-Profit Florida Corporation, Appellees.
No. 69-1007.
District Court of Appeal of Florida, Third District.
June 2, 1970.
Rehearing Denied June 18, 1970.
Michael H. Kramer, Miami, for appellants.
Mershon, Sawyer, Johnston, Dunwody & Cole and Thomas S. Trantham, Jr., Charles H. Spooner and Robert D. Zahner, Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
Appellants (petitioners below) appeal from a final judgment of the Circuit Court which denied their petition for a writ of certiorari.
Petitioners filed a pleading in the appropriate Circuit Court which they entitled "Petition for Writ of Certiorari (alternatively complaint for declaratory and other equitable relief)". They alleged, inter alia, that they sought to review by a writ of certiorari the action of the City Commission of Coral Gables in passing Ordinance No. 1676. This ordinance changed the zoning of certain real property in Coral Gables from residential use so that it could be used for off street parking purposes at *134 the request of the University of Miami, Inc., a non-profit corporation. They alleged that their petition for writ of certiorari was presented under and pursuant to Section 12.11 of City of Coral Gables Ordinance No. 1525 (the Zoning Code of Coral Gables) and they prayed for trial de novo in the Circuit Court.
Section 12.11 provides in pertinent part:
"Any appeal from the decision of the City Commission may be taken by any person or persons, jointly or severally, aggrieved by any decision of the City Commission by presenting to the Circuit Court a petition for issuance of a Writ of Certiorari, duly certified, setting forth that such decision is illegal, in whole or in part, certifying the grounds of the illegality, provided same is done in the same manner and within the time provided by Florida Appellate Rules."
The pleading contained other allegations in support of their alternative plea for a temporary injunction and declaratory relief in which they sought to have Ordinance No. 1676 declared unconstitutional, discriminatory and void. The respondents filed various motions challenging the pleading and its contents and argued that certiorari was the exclusive remedy available to the petitioners.
After a hearing on the motions the trial judge entered an order which held that "the petitioners are required to proceed in this cause by petition for writ of certiorari in accordance with the provisions of the Code of the City of Coral Gables." Petitioners proceeded in certiorari thereafter and the trial judge in a final judgment ultimately denied their petition for writ of certiorari.
Petitioners have appealed and seek reversal of the final judgment which denied their petition for writ of certiorari. They argue that certiorari is not the exclusive method for review of zoning ordinances passed by the City of Coral Gables. They have assigned as error the order which required them to proceed in the cause by certiorari in accordance with the Coral Gables Zoning Code.
Assuming arguendo that petitioners may have elected to proceed solely under the pertinent provisions of the Coral Gables Code and seek certain limited relief available under a petition for a writ of certiorari in the Circuit Court, we find that they are not prevented from challenging the validity or constitutionality of Ordinance No. 1676 by a suit in equity for declaratory relief. In Harris v. Goff, Fla. App. 1963, 151 So.2d 642, it was argued that certiorari was the exclusive procedure to be followed therein. The court stated in pertinent part:
* * * * * *
"Suits in equity seeking injunctive relief against a zoning ordinance or resolution on the ground that it is arbitrary, capricious, confiscatory or impinges on some right or guarantee of the Constitution of this State has long been the traditional method of assaulting the validity of zoning ordinances or resolutions. * * *"
* * * * * *
"Based upon the foregoing authorities it is our conclusion, and we so hold, that the suit in equity instituted by appellees to directly attack the validity of the questioned zoning resolution adopted by appellant board is properly brought, and the chancellor was correct in denying appellant's motion to dismiss the complaint on the ground that the procedure adopted was improper and unauthorized. * * *"
Under the authority of Harris v. Goff, supra, petitioners should have been permitted to proceed, as they requested, by a traditional suit in equity seeking to directly attack the validity of Ordinance No. 1676 and should not have been required to proceed by certiorari. See also Metropolitan Dade County v. Greenlee, Fla.App. 1968, 213 So.2d 485.
*135 It also appears that the petitioners were seeking, alternatively, inconsistent remedies in the same pleading. See R.C.P. 1.110(g), 30 F.S.A. They sought a writ of certiorari and relief by declaratory decree. Ordinary certiorari will not lie, or issue, when there is another adequate remedy available at law or in equity. Schneider v. Manheimer, Fla.App. 1965, 170 So.2d 75; Mapoles v. Wilson, Fla.App. 1960, 122 So.2d 249; 14 Am.Jur.2d Certiorari § 11; and 5 Fla.Jur. Certiorari § 9. Since the petition showed on its face that petitioner had another adequate remedy which they were seeking by way of equitable relief their petition for certiorari should have been dismissed and they should not have been required to proceed in the cause by certiorari.
We find that the trial judge erred in requiring the appellants to proceed in certiorari under these circumstances.
In passing it is conceded that Chapter 176, Fla. Stat., F.S.A., which provides for trial de novo in certain certiorari proceedings is not applicable here since Coral Gables acted under its special charter provisions in enacting its zoning code and not under the provisions of Chapter 176. See Thompson v. City of Miami, Fla. 1964, 167 So.2d 841.
Points Two, Three and Four raised by petitioners in this appeal all contend that the trial judge erred in his final judgment by upholding the validity of Ordinance No. 1676 for various reasons under those points. Essentially, all the final judgment held was "that the petition for a writ of certiorari be and the same is hereby denied."
A denial of a petition for certiorari cannot be construed as passing upon any of the issues in the litigation and decides only that no error has been made to appear on the basis of which the order sought to be reviewed could be disturbed. Collier v. City of Homestead, Fla. 1955, 81 So.2d 201; and State v. Edwards, Fla.App. 1961, 135 So.2d 889.
Thus, it appears that the final judgment denying the petition for writ of certiorari did not pass on the issues involved in this litigation and may not be construed as a ruling upholding the validity of Ordinance No. 1676. Since the final judgment denying the petition for writ of certiorari did not pass on the validity of Ordinance No. 1676, we cannot and do not determine the question raised by Points Two, Three and Four in this appeal.
The final judgment is reversed and remanded with directions that the cause be permitted to proceed as a suit in equity for a declaratory decree challenging the validity of Ordinance No. 1676.
It is so ordered.