292 So.2d 363 (1974)
Larry WHITTEMORE, a Minor by and through His Father and Next Friend, Leroy Whittemore, and Leroy Whittemore, Individually, Petitioners,
v.
DADE COUNTY, Florida, a Political Subdivision, et al., Respondents.
No. 43966.
Supreme Court of Florida.
February 13, 1974.
Rehearing Denied April 26, 1974.
*364 Samuel Z. Goldman of Hastings, Elias & Baumberger, Miami, for petitioners.
Fred R. Ober of Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for respondents Dade County, Robert A. Lockhart and American Home Assurance Co.
Stephen A. Stieglitz of Knight, Peters, Hoeverler, Pickle, Niemoeller & Flynn, Miami, for respondent Continental Casualty Co.
James E. Tribble of Blackwell, Walker, Gray & Powers, Miami, for respondent Employers Liability Assurance Corp., Ltd.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 277 So.2d 856. Our jurisdiction is based on conflict between the decision sought to be reviewed and School Board of Broward County v. Surette.[1] Oral argument has been dispensed with, pursuant to Rule 3.10(e), Florida Appellate Rules, 32 F.S.A.
Petitioners brought suit against respondents for injuries arising from the shooting of petitioner Larry Whittemore by a deputy sheriff of Dade County. Respondent Employer's Liability Assurance Corporation, Ltd. moved for a severance pursuant to Section 455.06, Florida Statutes, F.S.A.,[2] and this motion was granted by the trial court. By common-law certiorari, petitioners then sought review of the trial court's ruling in the District Court of Appeal, Third District. The Third District dismissed their petition, per curiam, without a discussion of the merits of the cause.
The Third District's decision in this cause was made prior to our recent decision in School Board of Broward County v. Surette, supra, in which we held that Section 455.06(2), Florida Statutes, F.S.A., was unconstitutional. It is apparent, from an examination of the record and briefs of counsel, that the decision of the Third District *365 in this cause is in direct conflict with School Board of Broward County v. Surette, supra.
Accordingly, the decision of the District Court of Appeal, Third District, is quashed, and, the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
CARLTON, C.J., concurs specially with opinion, in which ERVIN and ADKINS, JJ., concur.
CARLTON, Chief Justice (concurring specially):
I concur in the result reached by the majority opinion, but I wish to point out, for future reference, the effect of this Court's acceptance of jurisdiction in this case.
We are now holding that the per curiam dismissal of a petition for writ of common law certiorari is not totally discretionary, but is a decision on the merits of the case, at least to some extent. Otherwise, such a decision could in no way conflict with any other decision. If there were no conflict, this Court would not have jurisdiction to reverse the District Court in the instant case.
Review on petition for writ of certiorari is limited to a determination of whether an inferior court has exceeded its jurisdiction or has not proceeded according to the essential requirements of the law in cases where no direct appellate review is available. Des Rocher & Watkins Towing Co. v. Third National Bank of Miami, 106 Fla. 466, 143 So. 768 (1932). Such a determination rests in the sound discretion of an appellate court. Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940). To soundly exercise its discretion, an appellate court should, on certiorari, inquire into all errors of law affecting the merits of a case. Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421 (1947).
Therefore, in cases where it is clear that no remedy by appeal was available, a denial or dismissal of certiorari must be considered to have decided that the inferior court did not exceed its jurisdiction and did not depart from the essential requirements of the law. If the inferior court did exceed its jurisdiction or depart from the essential requirements of the law, the denial or dismissal of certiorari is not a sound exercise of discretion by the appellate court.
When a District Court of Appeal denies or dismisses a petition for writ of certiorari, therefore, we may find conflict between that decision and any other decision which holds that a materially similar factual and legal situation has amounted to a departure from the essential requirements of the law. If the conflicting decision is correct, the District Court's denial or dismissal of certiorari is an abuse of discretion. We granted certiorari on the same basis in the recent case of Kozerowitz v. Florida Real Estate Commission et al., 289 So.2d 391.
That is the exact posture of the instant case, and the only basis upon which I can find conflict. The severance was granted by the trial court pursuant to Fla. Stat. § 455.06, F.S.A. We held in Surette that such is a departure from the essential requirements of the law, because the statute was constitutionally infirm. The District Court should have granted certiorari and held the statute unconstitutional. Its failure to do so amounted to an abuse of discretion and thus created a conflict with our subsequent decision in Surette.
ERVIN and ADKINS, JJ., concur.
NOTES
[1] 281 So.2d 481 (Fla. 1973). See Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] 455.06 Liability insurance; authority of counties, state agencies and certain political subdivisions to purchase

(2) In consideration of the premium at which such insurance may be written, it shall be a part of any insurance contract providing said coverage that the insurer shall not be entitled to the benefit of the defense of governmental immunity of any such political subdivisions of the state in any suit instituted against any such political subdivision as herein provided, or in any suit brought against the insurer to enforce collection under such an insurance contract; and that the immunity of said political subdivision against any liability described in subsection (1) hereof as to which such insurance coverage has been provided, and suit in connection therewith, are waived to the extent and only to the extent of such insurance coverage; provided, however, no attempt shall be made in the trial of any action against a political subdivision to suggest the existence of any insurance which covers the whole or in part any judgment or award which may be rendered in favor of the plaintiff, and if a verdict rendered by the jury exceeds the limit of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limit set forth in the policy.