339 So.2d 200 (1976)
MYSTAN MARINE, INC. and Aetna Insurance Company, Petitioners,
v.
C. Shawn HARRINGTON, and Continental Casualty Insurance Company, Respondents.
No. 47065.
Supreme Court of Florida.
November 4, 1976.
Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach, for petitioners.
F. Kendall Slinkman, of Farish & Farish, West Palm Beach, for respondents.
*201 ENGLAND, Justice.
We tentatively granted certiorari in this case, and dispensed with oral argument, in order to explore an apparent conflict of decisions. Upon further consideration we conclude that our jurisdiction does not extend to this case and that the writ must be discharged.
C. Shawn Harrington moved for a voluntary dismissal of a negligence suit he had brought against Mystan Marine, Inc. The motion was granted without prejudice to his reinstating the suit, pursuant to Fla.R. Civ.Proc. 1.420(a)(1). Mystan Marine then moved to tax its costs against Harrington, including attorneys' fees. A hearing was held, as a result of which the trial judge granted part of the motion but denied recovery of attorneys' fees and certain other costs. Mystan Marine then took a petition for a common law writ of certiorari to the Fourth District Court of Appeal. The district court denied the petition without opinion, after which Mystan Marine petitioned this Court for a writ of certiorari alleging "conflict" jurisdiction under Article V, § 3(b)(3) of the Florida Constitution. The petition here asserts direct conflict between the district court's order and Royal-Globe Ins. Co. v. Indian River Gas Co., 281 So.2d 380 (Fla. 1st DCA 1973), cert. dismissed on stip., Case No. 44320, filed January 7, 1974 (Fla.).
In Royal-Globe a majority of the First District Court of Appeal held without explanation that attorneys' fees were taxable as costs following a voluntary dismissal such as occurred in the case before us. In his written order, the trial judge specifically refused to follow Royal-Globe as being contrary to settled law. It is clear, then, that Mystan Marine was denied a financial benefit by the circuit court which a defendant in the identical legal position in Royal-Globe was able to obtain. That does not alone show, however, that the decisions of the two district courts are in direct conflict for purposes of our jurisdiction.
The jurisdiction of this Court extends only to the narrow class of cases enumerated in Article V, Section 3(b) of the Florida Constitution. Time and again we have noted the limitations on our review[1] and we have refused to become a court of select errors. As was explained in Ansin v. Thurston,[2] Article V uses the words "direct conflict" to manifest a "concern with decisions as precedents as opposed to adjudications of the rights of particular litigants."
In this perspective, it is seen that the decision of the district court we are now asked to review does not constitute precedent in any form. Its entire opinion consists of the words "certiorari denied", and there is no means by which we, or anyone else, can determine exactly what action the district court took. It may have been persuaded by the trial judge and decided on the merits of the case that Mystan Marine should not recover attorneys' fees as costs. It may, alternatively, have decided that there was one of two procedural bars to its jurisdiction since (1) the common law writ of certiorari with which it was presented lies only to determine whether the lower court exceeded its powers or failed to proceed in accordance with the essential requirements of law,[3] and (2) with only limited exceptions the writ is available only to review "final" judgments and decrees where no other remedy exists.[4] As a third alternative, the court may simply have exercised its discretion to refuse to issue the writ.[5]
*202 Admittedly this Court has accepted jurisdiction in at least one case where a district court denied a writ of common law certiorari without disclosing any reason for doing so. Whittemore v. Dade County, 292 So.2d 363 (Fla. 1974). In that case, however, the Court did not explain on what basis it discerned jurisdiction. A clear majority of the Court, however, apparently did not adopt the views, espoused in a concurring opinion by Chief Justice Carlton, that (1) a denial of certiorari must be considered as a decision that the trial court did not exceed its jurisdiction or depart from the essential requirements of the law whenever appeal was not available as a remedy, and (2) that if the trial court's ruling conflicted with any case then the district court's denial of certiorari would also conflict. We too reject these assumptions.
Obviously the denial of certiorari by a district court without a statement of reasons does not create discord in the decisional law of this state. Since its decision lacks precedential value, the constitutional scope of our jurisdiction prohibits our review. Accordingly, the writ is discharged.
OVERTON, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
ROBERTS, J., agrees to judgment discharging writ.
HATCHETT, J., concurs in result only.
NOTES
[1] See, for example, Lawyers Title Ins. Corp. v. Little River Bank & Trust Co., 243 So.2d 417 (Fla. 1970); Kyle v. Kyle, 139 So.2d 885 (Fla. 1962); Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960); Lake v. Lake, 103 So.2d 639 (Fla. 1958), overruled on other grounds, Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] 101 So.2d 808, 811 (Fla. 1958).
[3] Saffran v. Adler, 152 Fla. 405, 12 So.2d 124 (1943); Brundage v. O'Berry, 101 Fla. 320, 134 So. 520 (1931).
[4] Feiner v. Sun Ray Drug Co., 86 So.2d 891 (Fla. 1956); Tart v. State, 96 Fla. 77, 117 So. 698 (1928).
[5] Article V, § 4(b)(3) of the Florida Constitution provides: "A district court of appeal may issue writs of ... certiorari... ." (emphasis added). It is also possible, of course, that the district court viewed the Constitution as prescribing the only forms of its review, thereby precluding the prior remedy of "common law" certiorari.