358 So.2d 1155 (1978)
James T. PRUCHA, Jr., Appellant,
v.
GUARANTEE RESERVE LIFE INSURANCE COMPANY OF HAMMOND, Appellee.
No. 77-539.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Rehearing Denied June 16, 1978.
*1156 Walton & Garrick, Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
James T. Prucha, Jr., the appellant here, brought an action against the appellee, Guarantee Reverse Life Insurance Company of Hammond, upon a policy whereby he was entitled to recover eighty percent of the premiums paid after ten years if no claims had been made under the policy. The facts developed by the pleadings are that the policy had been assigned to another insurance company. The plaintiff paid premiums to the second insurance company, which subsequently went through rehabilitation proceedings in Indiana.
The trial judge herein dismissed the complaint with prejudice. For this purpose, we must treat the order dismissing the complaint as a summary final judgment.[1] We reverse upon a holding that the defendant was not entitled to a judgment as a matter of law.
The facts are not disputed. The defendant has accepted the plaintiff's statement, which is as follows:
"On January 4, 1966, GUARANTEE RESERVE LIFE INSURANCE COMPANY sold a non-cancelable income policy to Plaintiff. This policy contained a Return of Premium Rider which provided for the *1157 return to Plaintiff of 80% of the premium paid if no benefits were paid under the policy for a ten year period. No benefits were paid for a ten year period, resulting in the claim for the return of premium benefits. GUARANTEE denied this claim based upon their [having] reinsur[ed] this contract with Underwriters National Assurance Company.
"Letters were received by Plaintiff on January 9, 1969, from GUARANTEE and Underwriters National informing Plaintiff that his policy had been purchased from GUARANTEE by Underwriters National and directed that he make future premium payments to Underwriters National.
* * * * * *
"The notice to Plaintiff contained the language, `The only change will be that you will send your premium from this date on to Underwriters ... Let me repeat, all the provisions of your policy remain the same; there are no changes.' This letter also indicates that there was reinsurance in a financially secure company. None of the notices to Plaintiff informed that GUARANTEE would be released from liability.
* * * * * *
"On January 27, 1969, Plaintiff wrote to Underwriters concerning premium due notices and informed them that his policy had been assigned without his knowledge and without his approval.
* * * * * *
"Plaintiff was never informed that GUARANTEE would be relieved of obligations under its policy.
* * * * * *
"An Indiana trial court on December 7, 1976 added to its prior judgment by providing that GUARANTEE was not liable to its policyholder with the return of premium rider.
"Plaintiff was not a party to the Indiana proceeding. He requested exclusion pursuant to the Indiana court's directions."
The facts being uncontroverted, the point to be decided is whether the defendant was, as a matter of law, entitled to judgment. The defendant's position in support of the judgment is that because it sold the block of insurance policies (including plaintiff's policy) to Underwriters National Assurance Company, and Underwriters explicitly agreed to assume and pay, when due, all of Guarantee's obligations arising out of the policies, and accordingly, for seven years, plaintiff paid his premiums to Underwriters without objection and, thereafter, Underwriters underwent a rehabilitation plan under the supervision of an Indiana court, which adjudged that as a policyholder, plaintiff was bound by the plan, therefore, plaintiff is bound by that judgment even though he did not appear therein. The judgment of the Indiana court was that Guarantee was released from all obligations on the policies. The defendant urges that the Florida courts are bound by the Indiana determination under the principles of comity. See Hartford Accident & Indemnity Co. v. City of Thomasville, Ga., 100 Fla. 748, 130 So. 7 (1930).
This analysis of the applicable law relies alternatively on two theories: (1) the principle of novation of contract by acquiescence, and (2) the principle that Guarantee's liability on the policy was effectively withdrawn from the jurisdiction of other state courts by the rehabilitation proceedings in Indiana.
The facts before the trial judge are insufficient to constitute a novation. The plaintiff was not presented with an effective alternative to the course that he pursued. The mere assignment of the policy could not of itself transfer the liability of the contracting party. See 13A Appleman Insurance L. & P. § 7755 (1976), citing American National Ins. Co. v. Briggs, 70 S.W.2d 491 (Tex.Civ.App. 1934). Novation is predicated upon consent. See Tysen v. Somerville, 35 Fla. 219, 17 So. 567 (1895). Plaintiffs consent was not asked for. His consent may not be implied where he had no opportunity not to consent. Faced with the accomplished fact of the transfer, all *1158 the plaintiff could do was to continue paying the premiums or abandon his investment. Cf. State of Florida ex rel. O'Malley v. Department of Insurance, 155 Ind. App. 168, 291 N.E.2d 907 (1973).
The second alternative principle is that the question of Guarantee's liability on the policy has been foreclosed by the holding of the Indiana court in the rehabilitation proceedings. The holding of the Indiana court is entitled to great weight and consideration, but it is not binding upon the plaintiff because he was not a party to the rehabilitation proceedings. We are not here concerned with the binding effect of a rehabilitation plan upon policyholders of the rehabilitated company. See Carpenter v. Pacific Mutual Life Insurance Company of California, 10 Cal.2d 307, 74 P.2d 761 (1937). The question here is whether the judgment of the Indiana court in a rehabilitation proceeding for one insurance company may, by judicial fiat, relieve another insurance company of contracts with persons not party to the rehabilitation proceedings. We hold that such a judgment is beyond the scope of the Indiana proceedings and is not binding on the courts of Florida in dealing with the contract rights of its own citizens. See Hartford Accident & Indemnity Co. v. City of Thomasville, Ga., 100 Fla. 748, 130 So. 7, 8 (1930); Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, 542 (1926); and Carriers Insurance Company v. LeRoy, 309 So.2d 35, 37 (Fla. 3d DCA 1975). Cf. State of Florida ex rel. O'Malley v. Department of Insurance, 155 Ind. App. 168, 291 N.E.2d 907 (1973); and cf. the general principles of law in Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974).
The judgment for defendant Guarantee Reserve Life Insurance Company of Hammond is reversed and the cause is remanded to the trial court to enter a judgment for the plaintiff.
Reversed and remanded.
NOTES
[1] The order could be considered a judgment on the pleadings except that the parties have agreed to a statement of facts, some of which are not reflected in the pleadings.