362 So.2d 56 (1978)
DON MOTT AGENCY, INC., a Florida Corporation, Appellant,
v.
Julia HARRISON et al., Appellee.
No. 77-1531.
District Court of Appeal of Florida, Second District.
August 2, 1978.
Richard A. Strickland, of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellant.
John M. Edman, of Meros, Coit, Edman & Meros, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
In this interlocutory appeal from a post-judgment order[1] we must determine whether a motion to set aside a final judgment is timely filed when it is filed more than one year after the trial court entered its order approving the settlement upon which the final judgment was based but less than one year after entry of that final judgment where there is no evidence that the motion was otherwise untimely filed. We hold that the motion was timely filed. We must also determine whether this *57 court's denial of a petition for writ of certiorari to review an order denying a motion in limine to exclude evidence of an allegedly fraudulently procured settlement constitutes a ruling that the fraud did not exist, thereby precluding further inquiry into the issue of fraud. We hold that the denial of a petition for writ of certiorari does not affirm the trial court's determination of any issue of fact inherent in the judicial act, review of which was sought.
The circumstances giving birth to these controversies are as follows: Ms. Harrison sued Dr. Pullum for medical malpractice resulting in the death of Ms. Harrison's daughter. Dr. Pullum brought a third-party action against appellant for indemnification. The malpractice action and the indemnification action were severed for trial. However, Dr. Pullum settled with Ms. Harrison prior to trial. In that settlement, damages were stipulated to amount to $250,000 and Dr. Pullum assigned his rights in the indemnification action to Ms. Harrison. The trial court approved the settlement on March 19, 1976. Final judgment on the malpractice claim between Ms. Harrison and Dr. Pullum was entered on May 13, 1976. At no time did appellant participate in the negotiations, settlement, or proceeding for court approval.
At a pretrial conference in the indemnification action, Ms. Harrison announced her intention to offer the stipulated final judgment in the malpractice action as proof of damages at trial of the indemnification claim. Appellant alleged that the settlement was procured by collusion between Ms. Harrison and the allegedly judgment-proof Dr. Pullum. Appellant filed a motion in limine to exclude evidence of that settlement or the final judgment entered thereon from the trial in the indemnification action. Appellant also filed a motion to sever the trial of appellant's obligation to indemnify Dr. Pullum from the trial of the issue of the amount of damages for which appellant must indemnify Dr. Pullum. (The evidence of the settlement and final judgment were asserted to be relevant only in this subsequent trial.) The motions were denied by the trial court. Appellant sought review by certiorari. This court denied certiorari. Don Mott Agency v. Harrison, 341 So.2d 298 (Fla. 2d DCA 1976).
On May 6, 1977, appellant filed a motion to set aside the final judgment entered on the settlement between Dr. Pullum and Ms. Harrison. Ms. Harrison responded with a motion to strike. The trial court granted the motion to strike because the motion to set aside judgment was not timely filed from the time of entry of the order approving settlement and because "the issue of `fraud' has already been decided in this cause ... (when the) lower court's order denying the Motion in Limine was affirmed[2]... ."
Appellant first contests the trial court's ruling that the motion to set aside the final judgment was not timely filed. While that motion was not filed until more than one year after the trial court entered its order approving the settlement upon which final judgment was later rendered, it was filed within one year after entry of the final judgment. There was no showing that the motion was filed an unreasonable time after entry of the final judgment. Florida Rule of Civil Procedure 1.540(b) requires filing of a motion to relieve a party from a final judgment or order for the reasons of fraud, misrepresentation, or other misconduct of the adverse party within a reasonable time not more than one year after the judgment or order was entered. The order under review made it abundantly clear that the trial court considered the motion untimely filed because more than the one-year period specified in Rule 1.540(b) had lapsed from the time of entry of the order approving settlement. The trial court would have *58 been correct, and we would affirm, had the motion sought to set aside the settlement. However, at that time appellant sought relief, not from the order approving settlement, but from the final judgment and its legal ramifications. Whatever we may speculate to be the reason for appellant's attack on the final judgment at a time at which appellant was precluded from attacking the underlying order approving the settlement, appellant was entitled to be heard on its motion for relief from judgment and to have that motion be determined on its merits by the trial court. The motion to set aside final judgment was not shown to have been untimely filed.
We must now consider whether this court's review of the trial court's denial of the motion in limine established the "law of the case" to be that fraud did not exist in the settlement. As indicated by footnote 2, the trial court misconstrued or was misinformed as to the nature of this court's treatment of the review of its order denying the motion in limine. The trial court was clearly in error in stating that that court's "order denying the Motion in Limine was affirmed by the Second District Court of Appeal dated November 19, 1976." We can appreciate how this confusion could have arisen from the filing of a notice of interlocutory appeal and a petition for writ of certiorari. However, the fact remains that this court reviewed that order by way of petition for writ of certiorari and not by way of interlocutory appeal. A simple denial of certiorari without opinion is not an affirmance and does not establish the law of the case. "Such a denial `cannot be construed as passing upon any of the issues in the litigation ...' and would not be res judicata as to the issues raised in the petition for certiorari." Haddad, Common Law Writ of Certiorari in Florida, 29 U.Fla. L.Rev. 207, 226 (1977) quoting Keay v. City of Coral Gables, 236 So.2d 133, 135 (Fla. 3d DCA 1970) and citing Ruth v. United States Fidelity and Guaranty Co., 83 So.2d 769 (Fla. 1955), where denial of certiorari did not bar further litigation of the controversy involved in the petition for writ of certiorari, and State v. Edwards, 135 So.2d 889 (Fla. 2d DCA 1961) where this court cautioned that its denial of certiorari "cannot be interpreted as a determination of the issues presented in the petition requesting such review and cannot be used as a precedent or authority for or against the propositions raised by either party in the proceedings." See also Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla. 1976). In many such cases the actual merits will not be reached and certiorari will properly be denied because either the petitioner did not demonstrate a clear departure from the essential requirements of law by the trial court, which is a higher standard than mere reversible error, or because the petitioner has an adequate remedy at law, as by appeal after final judgment or both. This court's denial of appellant's petition for common law certiorari did not determine the issue of fraud and did not preclude assertion of that issue as grounds for relief from judgment.
Appellant has demonstrated that the order striking its motion to set aside the final judgment was based upon erroneous grounds. Appellee has failed to show any proper grounds supporting that order. Consequently, entry of the order striking the motion to set aside final judgment was reversible error. That order must be, and is hereby, REVERSED and the case REMANDED.
SCHEB and RYDER, JJ., concur.
NOTES
[1] The notice of appeal was filed prior to March 1, 1978; consequently, the Florida Appellate Rules (1962 Revision) apply.
[2] This quote from the order striking appellant's motion to set aside final judgment refers to Don Mott Agency, Inc. v. Harrison, 341 So.2d 298 (Fla. 2d DCA 1976) (appeal number 76-1261) in which appellant timely filed both a notice of interlocutory appeal and a petition for writ of certiorari and sought consolidation of the two cases in this court. This court resolved appellant's doubt as to the proper method of review by denying consolidation, dismissing the appeal, and considering the petition for writ of certiorari. However, certiorari was denied.