HAVERFIELD, Chief Judge,
dissenting.
I am constrained to dissent.
Guarantee Reserve Life Insurance Company (hereinafter Reserve Life), defendant in the trial court, by way of petition for common law certiorari seeks review of an order denying its motion to schedule jury trial.
In February, 1966 Reserve Life issued to plaintiff, William J. Dunn, an accident and health insurance policy which provided for return of 80% of the premiums to Dunn if no benefits were paid under the policy for ten years. In 1969 Dunn’s policy along with other similar policies were purchased by Underwriters National Assurance Company and Dunn began to tender his premiums to Underwriters. After ten years passed with no claims under his policy, Dunn made written demand upon Reserve Life for return of 80% of the paid premiums. Reserve Life refused to pay on the ground that it was relieved of liability as a result of the purchase of the policy by Underwriters. Dunn sued for breach of contract. Reserve Life answered, pled novation as an affirmative defense and demanded trial by jury. In November, 1976 the cause was set for a jury trial, but several continuances were granted at the request of both parties. Subsequently, Dunn filed a motion for summary judgment. The trial judge denied the motion on October 18, 1978 and scheduled the cause for a non-jury trial. Reserve Life moved for a jury trial as requested in its answer. The judge entered the following denial order:
“THIS CAUSE came on to be heard upon Defendant’s Motion to Schedule Jury Trial and the Court having heard argument of counsel and being further advised in the premises, it is
“ADJUDGED that the Motion be and the same is hereby denied. This matter will proceed for a Non Jury Trial on the Trial Calendar for the one week period commencing January 22, 1979. The Court will determine at that time if there are any fact issues which should be determined by a jury.”
Reserve Life argues that it has been deprived of a litigant’s fundamental right to a jury trial. I agree.
In Prucha v. Guarantee Reserve Life Ins. Co., 358 So.2d 1155 (Fla. 3d DCA 1978)[1] which involved another insured, James T. Prucha, whose policy with Reserve Life was also purchased by Underwriters, this court held that there was no novation as a matter of law and an Indiana court judgment absolving Reserve Life of liability for return of premiums was not binding upon Prucha. Dunn argues that the Prucha case is dispos-itive of the issues in the case sub judice and, therefore, no jury trial is necessary. On the other hand, Reserve Life contends that the facts in the instant case substantially differ from those in the Prucha case as to require the jury trial which it timely requested.
Implicit in the denial of Dunn’s motion for summary judgment is the trial judge’s finding of existence of genuine issues of fact. There being issues of fact to be tried, Reserve Life was entitled to jury trial of those factual issues in light of its timely demand therefor. See Boston Rug Galleries, Inc. v. William Iselin & Co., Inc., 212 So.2d 58 (Fla. 4th DCA 1968); Napolitano v. H. L. Robertson and Associates, Inc., 311 So.2d 757 (Fla. 3d DCA 1975).
I, therefore, would grant the petition for certiorari, quash the denial order and remand the cause to the trial court for jury trial.

. Decided while the present cause was pending in the trial court.