670 So.2d 153 (1996)
The BARED & COMPANY, INC., Petitioner,
v.
Timothy McGUIRE and United Sheet Company, Respondents.
No. 95-2984.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*154 Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
No appearance required for respondents.

EN BANC
FARMER, Judge.
A defendant in a civil action sought a writ of common law certiorari in this court to review a pretrial order granting a protective order against taking a second, successive deposition. A panel of this court previously determined that the petition failed to show clearly that petitioner was likely to suffer irreparable harm from the order for which it would have no remedy on appeal. Petitioner then moved for clarification or reconsideration of the panel decision, wondering if our order of dismissal was a "typographical" error and if the order should have said "denied."
After an opinion en banc on the motion for clarification or reconsideration had been prepared, and while that opinion was circulating among the judges of this court, petitioner filed a voluntary dismissal of this case. Ordinarily a voluntary dismissal of a case involving an extraordinary writ would cause us to quash a proposed but unreleased opinion. On the other hand, there is authority for the proposition that an appellate court has discretion to release an opinion after a *155 voluntary dismissal where the court had already expended substantial effort in preparing an opinion before the dismissal and the public interest will be thereby subserved. State v. Schopp, 653 So.2d 1016, 1018 (Fla. 1995) (even after timely voluntary dismissal, reviewing court has discretion to retain jurisdiction and proceed with cause). Accordingly, because this case presented us with an opportunity to clarify how we consider the kind of petitions presented here and thus for the benefit of the bench and bar, we have decided to release an opinion explaining our decision in this case.
District Courts of Appeal in Florida have jurisdiction to review certain nonfinal orders of trial courts by appeal and, at the same time, to review other non-final orders by separate certiorari jurisdiction. Rule 9.030(b)(1)(B) provides that the district courts shall review by appeal "nonfinal orders of the circuit courts as prescribed by rule 9.130." Fla.R.App.P. 9.030(b)(1)(B).[1] Rule 9.030(b)(2)(A) provides that parties may seek the certiorari jurisdiction of the district courts to review "nonfinal orders other than as prescribed by rule 9.130." [e.s.] Fla. R.App.P. 9.030(b)(2)(A).
The drafters of the rules explained the policy behind this dual jurisdiction as follows:
"The advisory committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, because that writ provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that because the most urgent interlocutory orders are appealable under this rule, there will be very few cases in which common law certiorari will provide relief." [e.s.]
Fla.R.App.P. 9.130 (1977 Committee Notes). These two rules thus define our jurisdiction to review nonfinal orders in civil cases. And the committee commentary to rule 9.130 makes clear that certiorari jurisdiction is conterminous with the traditional usage of the writ itself.
The supreme court has distilled the elements for review by common law certiorari as follows:
"Certiorari is a discretionary common-law writ which, in the absence of an adequate remedy by appeal or writ of error or other remedy afforded by law, a court of law may issue in the exercise of a sound judicial discretion to review a judicial or quasi judicial order or judgment that is unauthorized or violates the essential requirements of controlling law, and that results or reasonably may result in an injury which section 4 of the Declaration of Rights of the Florida constitution commands shall be remedied by the due course of law in order that right and justice shall be administered. Hartford Accident & Indemnity Co. v. City of Thomasville, 100 Fla. 748, 130 So. 7." [e.s.]
Kilgore v. Bird, 149 Fla. 570, 577, 6 So.2d 541, 544 (1942). As the court further elaborated:
"The essential considerations are whether the judgment, or the directions made a part of it, require an unauthorized proceeding or a departure from the essential requirements of the law and reasonably may cause substantial injury for which no other adequate remedy is afforded by the law. Hartford Accident & Indemnity Co. v. City of Thomasville, 100 Fla. 748, 130 So. 7; Miami Poultry & Egg Co. v. City Ice & Fuel Co., 126 Fla. 563, 172 So. 82; Robinson v. City of Miami, 138 Fla. 696, 190 So. 35; Bringley v. C.I.T. Corp., 119 Fla. 529, 160 So. 680; Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 So. 483, 140 So. 218." [e.s.] *156 149 Fla. at 581, 6 So.2d at 545. The Kilgore court stressed that this kind of review was available "if it satisfactorily appears that no other adequate remedy is afforded by law." [e.s.] Id. Kilgore has since been explicitly reaffirmed by the court in Martin-Johnson Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987) ("order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal," citing Kilgore).
In short, there are two indispensable ingredients to common law certiorari when sought to review pretrial orders of the circuit courts: (1) irreparable injury to the petitioner that cannot be corrected on final appeal (2) caused by a departure from the essential requirements of law. Because of this dual nature, courts traditionally considered applications for common law certiorari, as Judge Altenbernd has recently reminded us, with a two-step approach:
"Prior to 1939, a petition for writ of certiorari involved a two-stage proceeding. The court first determined whether it had jurisdiction to review the order. It then received additional briefing and decided whether the order departed from the essential requirements of the law. William A. Haddad, Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 208 (1977)."
Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995).[2] Passing to modern procedures, he explained:
"Although the separate briefing stages have been eliminated, it is still necessary for an appellate court to conduct a jurisdictional analysis prior to testing whether the nonfinal order passes the standard of review on its merits, i.e., whether the order is a `departure from the essential requirements of law.' Thus, just as an appellant must establish that a nonfinal order falls within one of the authorized categories in Florida Rule of Appellate Procedure 9.130 before this court has the power to review the merits of the nonfinal order by appeal, a petitioner must establish that a [nonfinal] order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law. If the jurisdictional prongs of the standard three-part[3] test are not fulfilled, then the petition should be dismissed rather than denied."
Id. We agree that the very first consideration underlying a petition for common law certiorari review of nonfinal orders in civil cases is, of necessity, an assessment of jurisdiction. Jurisdiction, in turn, depends on the absence of effective appellate review at the end of the case in the trial court.
Although common law certiorari is a discretionary writ,[4] the question of irreparable *157 harm and thus our jurisdiction is not discretionary. It is only if the petition demonstrates harm that cannot be corrected on final appeal that we have the power to exercise discretion to grant or withhold the writ. It must be made, at least prima facie, clear in the petition that the harm is incurable by final appeal.
Like the second district, in the past we have not been careful to make our jurisdictional decisions in these cases manifest. More often than not, we have denied such petitions when we were really deciding that we lacked jurisdiction because the petitioner had simply failed to make clear that irreparable harm or injury had resulted from the order. Moreover, our denials were sometimes taken as decisions on the merits of the order when they actually reflected merely that we lacked the power to review them. Accordingly, we have seized on the present occasion to clarify our dispositions and manner of proceeding.
When we receive a petition for common law certiorari to review a nonfinal order of the circuit court, we will initially study it only to determine if petitioner has made a prima facie showing of the element of irreparable harm. At this stage we will make no determination as to whether the order departs from the essential requirements of law. If petitioner has failed to make a prima facie showing of irreparable harm, we lack jurisdiction and will enter an order dismissing the petition. If we are satisfied that a prima facie showing of our jurisdictioni.e. that we could not correct the order upon final appealhas been made, we will then pass on to the next element.
At this next stage, we will study the petition to determine whether it makes a prima facie showing that the order to be reviewed departs from the essential requirements of law. If we then conclude that the petition fails to demonstrate prima facie a departure from the essential requirements of law, we will enter an order denying the petition. On the other hand, if we conclude that the petition demonstrates prima facie a departure from the essential requirements of law, we will enter an order to show cause why the petition should not be granted. An order to show cause is not a final determination on the petition, and represents only our tentative conclusion that an initial, or prima facie, showing of merit appears to have been made.
After considering the response from the opposing party, if we then determine that there has been an insufficient showing of irreparable harm or injury, we will enter an order dismissing the petition. Conversely, after considering the response from the opposing party, if we determine that the order is not a departure from essential legal requirements, or if we decide that we will not exercise our discretion to grant the writ, we will enter an order denying the petition.
As the foregoing should make clear, a dismissal of a petition seeking common law certiorari represents only a determination that we lack jurisdiction and nothing more. A simple denial of the petition will also have a nonpreclusive effect. In Mystan Marine Inc. v. Harrington, 339 So.2d 200 (Fla.1976), the court said:
"[The district court's] entire opinion consists of the words `certiorari denied', and there is no means by which we, or anyone else, can determine exactly what action the district court took. It may have been persuaded by the trial judge and decided on the merits of the case that Mystan Marine should not recover attorneys' fees as costs. It may, alternatively, have decided that there was one of two procedural bars to its jurisdiction since (1) the common law writ *158 of certiorari with which it was presented lies only to determine whether the lower court exceeded its powers or failed to proceed in accordance with the essential requirements of law, and (2) with only limited exceptions the writ is available only to review `final' judgments and decrees where no other remedy exists. As a third alternative, the court may simply have exercised its discretion to refuse to issue the writ.
339 So.2d at 201.[5] We agree with the second district that:
"A simple denial of certiorari without opinion is not an affirmance and does not establish the law of the case. `Such a denial `cannot be construed as passing upon any of the issues in the litigation ...' and would not be res judicata as to the issues raised in the petition for certiorari.' Haddad, Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 226 (1977) quoting Keay v. City of Coral Gables, 236 So.2d 133, 135 (Fla. 3d DCA 1970) and citing Ruth v. United States Fidelity and Guaranty Co., 83 So.2d 769 (Fla.1955), where denial of certiorari did not bar further litigation of the controversy involved in the petition for writ of certiorari, and State v. Edwards, 135 So.2d 889 (Fla. 2d DCA 1961) where this court cautioned that its denial of certiorari `cannot be interpreted as a determination of the issues presented in the petition requesting such review and cannot be used as a precedent or authority for or against the propositions raised by either party in the proceedings.' See also Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla.1976)."
Don Mott Agency Inc. v. Harrison, 362 So.2d 56, 58 (Fla. 2d DCA 1978). Hence, a bare denial by simple order of a petition for common law certiorari review of a pretrial order[6] will not represent a determination on the merits of the order to be reviewed unless an opinion denying the petition indicates that preclusive effect is intended. Of course, when we vacate or disapprove a pretrial order, our opinions granting common law certiorari in this class of review will frankly reveal a merits determination on the order, and our disposition will be made clear in the opinion.
In this case, the panel determined that petitioner's papers failed to make a prima facie showing that they will suffer irreparable injury from the protective order. As we have shown, it is unnecessary in such a circumstance to require a response from the opposing party. Without a prima facie showing of irreparable harm or injury, this court lacks common law certiorari jurisdiction under rule 9.030(b)(2)(A) to review this kind of pretrial order limiting or refusing to allow discovery. Accordingly, the panel's order properly dismissed the petition rather than denying it.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Rule 9.130 permits appellate review of orders which may be generally described as those concerning venue, injunctions, immediate possession of property, immediate monetary relief in domestic relations matters, the issue of liability in favor of the claimant, arbitration, the denial of workers compensation immunity, class action certification, receivers, and orders after final judgment not affecting finality. We place the present petition in the category of non-final orders relating to discovery, as to which there is no right of appeal under rule 9.130.
[2] In the article cited by Judge Altenbernd, Haddad wrote:

"Traditionally, there was a two-stage proceeding in certiorari similar to that in other writs. First, the reviewing court would decide whether to issue the writ upon the allegations of the petition. Then, only if the writ were issued would the respondent reply and the petition be heard on the merits."
William A. Haddad, "The Common Law Writ of Certiorari in Florida," 29 U.FLA.L.REV. 207, 208 (1977).
[3] The opinion in Parkway Bank describes the test for common law certiorari as "three-pronged:" i.e., (1) a departure from the essential requirements of law, (2) resulting in material injury during the remainder of the case, and (3) that cannot be corrected on final appeal. Parkway Bank, 658 So.2d at 648-49. As we have already seen, the committee notes to rule 9.130 use the shorthand term irreparable injury to describe what is required in addition to a departure from the essential requirements of law. In a small quibble with Parkway Bank, we would compress their three prongs into two. To us, harm is not irreparable if it can be corrected on final appeal. Hence, we merge the second and third prongs into a single one. In all other respects we are in complete agreement with Parkway Bank.
[4] See Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983), where the court said:

"In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
"It is this discretion which is the essential distinction between review by appeal and review by common-law certiorari. See Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla.1974). A district court may refuse to grant a petition for common-law certiorari even though there may have been a departure from the essential requirements of law. See Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla.1976). The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal."
[5] Justice England's opinion stated that a clear majority of the court had rejected the views that (1) a denial of certiorari must be considered as a decision that the trial court did not exceed its jurisdiction or depart from the essential requirements of the law whenever appeal was not available as a remedy, and (2) that if the trial court's ruling conflicted with any case then the district court's denial of certiorari would also conflict, citing Whittemore v. Dade County, 292 So.2d 363 (Fla.1974). 339 So.2d at 201.
[6] As we use the term here, pretrial order refers to any order in a civil case entered before trial, and not merely to those orders entered under rule 1.200(d), Florida Rules of Civil Procedure.