GROSS, J.
This is a timely petition for writ of cer-tiorari filed by the husband in a dissolution of marriage action in the circuit court. Within the pending dissolution case, the wife filed an ex parte petition for injunction for protection against domestic violence pursuant to sections 741.28-741.31, Florida Statutes (1999). The trial court entered an ex parte temporary injunction on August 29, 2000, which was to be effective until the extension hearing on September 8, 2000.
By a letter dated August 31, 2000, the wife’s attorney supplied the trial court with an order extending the temporary injunction and rescheduling the extension hearing for September 15, 2000. The wife’s attorney had previously advised the judge’s office of his inability to attend the September 8 hearing. A copy of the letter was served on the husband’s attorney.
*1186 In an order dated September 1, 2000, the trial court extended the temporary-injunction to September 15 and rescheduled the September 8 extension hearing to September 15. It is this order rescheduling the hearing that is the subject of the husband’s petition for certiorari.
Certiorari lies when there is a departure from the essential requirements of law which will materially injure the petitioner throughout the remainder of the proceedings, which cannot be remedied adequately on appeal. See Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996).
The husband argues that the trial court departed from the essential requirements of law by entering an order without a motion and notice of hearing, based solely on the ex parte communication of the wife’s attorney with the judge’s office. He conclusorily states that there is no adequate remedy at law, without specifying how the postponement will work to his irreparable detriment. He seeks “an immediate order setting aside the order entered on September 1, 2000, sanctions to be imposed, and attorney’s fees awarded.”
The domestic violence statute requires that a hearing be held concerning the injunction for protection “at the earliest possible time.” § 741.30(4), Fla.Stat. (1999). Section 741.30(5)(c) permits an extension hearing to be set ex parte. That section allows an extension hearing to be continued before the hearing date, for “good cause shown by any party, which shall include a continuance to obtain service of process.”
The husband does not explain whether he seeks, by filing a petition on September 11, to reinstate the hearing date of September 8, or to reset the hearing for another time. Nor does the husband demonstrate why he should not first present his concerns to the trial judge about the way the September 15 hearing was set. The husband has not demonstrated how an order resetting the noticed hearing on a petition for temporary injunction for protection presents the possibility of any harm, let alone irreparable harm.
The standard for granting certiorari relief has not been met. The petition for writ of certiorari is dismissed.
WARNER, C.J., and HAZOURI, J., concur.