PER CURIAM.
In their petition for writ of cer-tiorari, petitioners seek review of the circuit court’s order denying their motion to dismiss the underlying domestic violence injunction proceedings. In those proceedings, the circuit court entered a temporary award of custody. Petitioners moved to dismiss the injunction proceedings based on the pendency of a dependency action in Palm Beach County,[1] in which a custody order was entered contrary to the custody award below. Petitioners correctly argue, and respondent agrees, that the circuit court below may not enforce its custody *862 award because precedence is given to the custody orders entered in the dependency case. See §§ 39.013(4), 39.521(3)(b)1., Fla. Stat. (2001); Fla. R. Juv. P. 8.260(d). However, petitioners have failed to establish that the circuit court’s denial of the motion to dismiss causes them the irreparable harm necessary for certiorari review. See Bared & Co., Inc. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996). There is no indication that the circuit court below is refusing to comply with the statutory precedence provisions; the court appears to be proceeding only with injunction matters which do not include the enforcement of the court’s custody award. Thus, there is no indication that petitioners are suffering irreparable harm as a result of the denial of the motion to dismiss.
We therefore, dismiss the petition for writ of certiorari.
GUNTHER, STONE and HAZOURI, JJ., concur.

. The dependency case has since been converted to one for termination of parental rights.