749 So.2d 594 (2000)
MEGAFLIGHT, INC., a Florida corporation and Conversion Corp., a Florida corporation, Petitioners,
v.
Robert Eugene LAMB, et al., Respondents.
No. 5D99-2595.
District Court of Appeal of Florida, Fifth District.
January 28, 2000.
Martin A. Pedata, St. Petersburg, and Jerome D. Mitchell, of Riggio & Mitchell, P.A., Daytona Beach, for Petitioners.
Donald R. Andersen, of Smith, Howard & Ajax, LLP, Atlanta, for Respondents.
GRIFFIN, J.
Petitioners, Megaflight, Inc. ["Megaflight"] and Conversion Corp. ["Conversion"], seek a petition for certiorari directed to the order of the lower court denying their motion for protective order. Respondent, JB International, Inc. ["JBI"], served notices of production from non-parties on two banks that held the accounts of petitioners. Essentially, what respondent sought was every bank record of these two corporations for an approximate seven and one-half month period of time. Petitioners sought a protective order, which the lower court denied. Our view of the portion of the record below that has been supplied to us offers no basis for the court allowing this discovery to go forward and the respondent's response to the petition for writ of certiorari offers nothing that makes any sense.
JBI explains that Ron Rosenberg ["Rosenberg"], an officer of both Megaflight and Conversion, testified at his deposition that he took the engines off an aircraft belonging to a co-defendant, B90 King Group, L.L.C. ["B90"], and sold them. B90 purportedly contends that Rosenberg was supposed to purchase replacement engines for B90 with the proceeds of the sale. Because he did not, B90 *595 contends it is entitled to have the engines from JBI's aircraft. The complaint simply says that petitioner removed respondent's engines without permission and won't return them, giving rise to a claim for replevin and damages. Purportedly, when asked during his deposition what happened to the proceeds of the sale of B90's engines, Rosenberg testified that he did not know and ventured that it would be necessary to check the corporation's bank records to answer the question. Such an answer, of course, would not justify discovery of the corporations' bank records. The threshold question still has to be whether the documents in question were reasonably calculated to lead to admissible evidence. Even if this test is met, it is unclear why discovery was not limited to documents involving those transactions.
Nevertheless, we agree with those who suggest that erroneous orders that require overbroad discovery of non-privileged documents should be subjected to certiorari review more cautiously than erroneous orders requiring discovery of confidential or privileged matters. In this case, the parties inform us that because petitioner did not seek a stay, many of the documents requested have already been produced and of those that have not, "copies of checks deposited" is a major category. If the purpose of this discovery is to ascertain what petitioner did with the engine sale proceeds, "checks deposited" is the first place to look. We, therefore, conclude that this is not an appropriate case for the court to interfere with the proceedings below by issuance of the writ.
WRIT DENIED.
DAUKSCH and PETERSON, JJ., concur.