PER CURIAM.
Jacqueline Pepper appeals a final judgment declaring invalid a run-off election for the office of School Board Member, District 7, in Miami-Dade County. We affirm.
As explained in the trial court’s well-reasoned final judgment:
1. On September 5, 2000, the primary election for School Board Member, District 7, was held. No candidate won a majority of the votes cast. DAVID LEAHY prepared the ballot for the District 7 runoff election naming the two highest vote getters, Demetrio Perez and JACQUELINE PEPPER, as the candidates for the run-off election to be held at the time of the November 7, 2000, general election.
2. In Perez v. Marti, 770 So.2d 284 (Fla. 3rd DCA[), review denied, 773 So.2d 56 (Fla.] 2000), the Third District Court of Appeal affirmed the Trial Court’s finding that Demetrio Perez was not a qualified candidate for election for School Board Member, District 7, ab initio. As such, he was not qualified to *719 ran either in the September 5, 2000, primary election or the November 7, 2000, general election for School Board Member, District 7.
3. The conduct of a nonpartisan election is governed by Florida Statutes § 105.051(l)(b) (1999). In pertinent part, it reads:
(b) If two or more candidates, neither of whom is a write-in candidate, qualify for such an office, the names of those candidates shall be placed on the ballot at the first primary election. If any candidate for such office receives a majority of the votes cast for such office in the first primary election, the name of the candidate who receives such majority shall not appear on any other ballot unless a write-in candidate has qualified for such office. An unopposed candidate shall be deemed to have voted for himself or herself at the general election. If no candidate for such office receives a majority of the votes cast for such office in the first primary election, the names of the tivo candidates receiving the highest number of votes for such office shall be placed on the general election ballot. If more than two candidates receive an equal and highest number of votes, the name of each candidate receiving an equal and highest number of votes shall be placed on the general election ballot. In any contest in which there is a tie for second place and the candidate placing first did not receive a majority of the votes cast for such office, the name of the candidate placing first and the name of each candidate tying for second shall be placed on the general election ballot, emphasis supplied.
4. Since Demetrio Perez was not a qualified candidate for that office, the voters were not given a choice between the two highest qualified candidates as required by Fla. Stat. § 105.051(l)(b), and, in fact, were given no choice at all. Therefore, the November 7, 2000, election for School Board Member, District 7 was invalid.
We entirely agree. Mr. Perez has never been qualified from the date of filing to the present. Any other result would allow a person who has not been duly elected to serve in the position. Therefore, the trial court correctly invalidated the November 7, 2000, election for School Board Member, District 7. A new election for that position will be held on June 26, 2001, between Ms. Pepper and Mr. Cobb. Accordingly, the trial court’s final judgment is hereby affirmed.[1]
GERSTEN and SHEVIN, JJ., concur.

. This opinion shall become effective immediately notwithstanding the filing of a motion for rehearing.