COHEN, J.
Rhea Killinger seeks certiorari review of an order compelling production of documents in a guardianship proceeding commenced by her sister, respondent Sandra Marie Craft, who disputes whether Killing-er’s appointment as plenary guardian is in the best interests of their incapacitated mother, Hazel lone Grable. We deny relief.
Craft, alleging that their mother suffers from dementia and related severe memory, cognitive, and judgment impairments, petitioned for appointment as guardian. Craft contended that Killinger had engaged in self-dealing while serving as trustee of the ward’s trust. Killinger filed a counter-petition seeking her own appointment as plenary guardian because their mother had indicated in a pre-need document her desire that Killinger be appointed guardian in the event of incapacity. According to section 744.312(4), Florida Statutes (2006), the ward’s pre-need guardian designee shall be appointed unless the court determines that appointing such person is contrary to the best interests of the ward. Craft sought to establish that the best *32 interests of the ward would be served by her appointment rather than Killinger’s and requested that Killinger produce an extensive list of documents. In response, Killinger filed a motion for protective order, objecting to every request as over-broad, irrelevant, burdensome, and privileged. After a hearing, the court denied the motion for protective order. This petition for certiorari ensued.
While certiorari may be used to review pre-trial orders compelling discovery, it is generally not appropriate simply based on an argument that the discovery request is overbroad, irrelevant, or burdensome. Megaflight, Inc. v. Lamb, 749 So.2d 594, 595 (Fla. 5th DCA 2000). As the Florida Supreme Court has observed: “We cannot view the harm suffered by this disclosure as significantly greater than that which might occur through discovery in any case in which it is ultimately determined that the complaint should have been dismissed.” Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987). However, certiorari will he to address an order requiring the production of burdensome or irrelevant information where disclosure of these materials may reasonably cause material injury of an irreparable nature. Tanchel v. Shoemaker, 928 So.2d 440, 442 (Fla. 5th DCA 2006). As a condition precedent to invoking this court’s cer-tiorari jurisdiction, the petitioner must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal. Holden Cove, Inc. v. 4 Mac Holdings, Inc., 948 So.2d 1041 (Fla. 5th DCA 2007).
Killinger classifies the requests into four general categories: confidential financial records (request numbers 1-6, 9, 11, 13); confidential financial records relating to the education and medical treatment of Killinger’s minor son (request number 7); telephone records (request number 8); and correspondence (request number 10, 16-17). Although Killinger does not identify any applicable privilege, she raises privacy concerns and declares irrelevant requested information about her expenditures for her minor son’s medical treatment.
Turning to the first category of financial records, the trial court denied the motion for protective order on the basis that the financial information was relevant to assess whether Killinger would be an appropriate plenary guardian. We lack a transcript of the hearing or a statement of facts to assist in evaluating the trial court’s determination, and consequently, must presume the correctness of its ruling. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). We note that an order compelling production of relevant financial information cannot cause irreparable harm, and, therefore, we deny the writ as to the documents seeking financial information in requests numbered 1-6, 9, 11, and 13. See In re Estate of Sauey, 869 So.2d 664, 665 (Fla. 4th DCA 2004).
Request 7 seeks Killinger’s expenditures on the education and medical treatment of her minor son and refers to a specific treatment center. The trial judge implicitly determined, and we cannot disagree, that Killinger’s finances were relevant to the allegations of misappropriation of the ward’s assets. The request sought only amounts paid, presumably with the end goal of attempting to establish financial improprieties. The request does not encompass medical records detailing treatment or other confidential matters. Without a transcript of the hearing, we presume the trial judge weighed the need for disclosure of these records against the privacy rights implicated. Certiorari is not warranted.
Additionally, Killinger objects to the production of telephone statements reflecting the time and dates of phone calls from either her or her husband to the *33 ward within the past two years. Craft seeks to establish how much contact Kil-linger had with their mother during that period. Telephone statements are not subject to any recognized privilege, nor can they be viewed as material that could cause irreparable harm to a non-party. Certiorari will not lie simply based on an argument that the discovery request is overly broad, irrelevant, or unduly burdensome. Megaflight, 749 So.2d at 595. Thus, we deny the writ as it is directed to request number 8.
The final category sought production of correspondence between Killing-er and her mother and other third parties connected to her care. While court orders compelling discovery constitute a state action that may impinge on constitutional rights, including the constitutional right of privacy, Berkeley v. Eisen, 699 So.2d 789, 790 (Fla. 4th DCA 1997), these particular requests do not involve disclosure of personal information about any of the third parties and do not appear to impinge on any constitutional rights to privacy. In any event, it is the function of the trial court to balance the competing interests. See Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 538, 536 (Fla.1987). It may or may not have done so at the hearing below. Killinger does not allege that the trial court failed to balance the competing interests nor does she explain how disclosure of these documents rises to the level of an invasion of one’s constitutional right of privacy. Without a transcript or statement to demonstrate otherwise, we must presume that the trial court’s findings are correct.
CERTIORARI DENIED.
PLEUS and ORFINGER, JJ., concur.