# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2307
Lower Tribunal Nos. 11-12309 SP and 13-297 AP
_____

**Coral Gables Chiropractic PLLC, a/a/o Ricardo Olivera,**
Petitioner,

vs.

**United Automobile Insurance Company,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Michael A. Genden, Leon M. Firtel, and Gill S. Freeman, Judges.

George A. David, for petitioner.

Lara J. Edelstein, for respondent.

Before WELLS, LAGOA, and SCALES, JJ.

LAGOA, J.

In a personal injury case, Coral Gables Chiropractic, PLLC, a/a/o Ricardo

Olivera ("Gables Chiropractic"), petitions this Court for a second-tier writ of

certiorari, seeking to quash the circuit court appellate division's order compelling discovery as to the reasonableness of fees charged for medical services rendered to the insured, Ricardo Olivera ("Olivera"). Because Gables Chiropractic has failed to meet the threshold requirement of showing that the circuit court's order creates irreparable harm, we dismiss the petition for writ of certiorari for lack of jurisdiction. See Bd. of Trs. of the Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454–55 (Fla. 2012) (stating that irreparable harm is a condition precedent to invoking a district court's certiorari jurisdiction); Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998) ("[I]t is settled law that, as a condition precedent to invoking a district court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal.").

I.      FACTUAL & PROCEDURAL HISTORY

Gables Chiropractic sued the Respondent, United Automobile Insurance Company ("UAIC"), seeking to recover personal injury protection ("PIP") benefits for medical services rendered to Olivera as a result of an automobile accident. UAIC denied that the medical bills were "reasonable, related, and necessary," and asserted that it already issued payments in amounts of $2,873.12 for PIP benefits with applicable interest, pursuant to section 627.736(5)(a)(2), Florida Statutes (2011). UAIC sought to depose Gables Chiropractic's corporate representative to no avail, and consequently filed a motion for rule to show cause to compel the

2

deposition. On July 12, 2013, the trial court found that because UAIC paid pursuant to the fee schedule, any further discovery as to the treatment or charges being reasonable, related, or necessary was irrelevant.

UAIC filed a petition for writ of certiorari in the circuit court appellate division arguing that it was entitled to depose Gables Chiropractic's corporate representative. The circuit court appellate division issued an opinion on May 19, 2014, quashing the trial court's order and remanding the matter to allow discovery, but only as to the reasonableness of the charges. The panel found that UAIC had waived discovery as to whether the medical bills were medically necessary and related to Olivera's automobile accident. UAIC subsequently filed a petition for writ of certiorari in this Court on June 5, 2014, asserting that this latter portion of the circuit court appellate division's opinion departed from the essential requirements of law. This Court dismissed UAIC's petition on June 11, 2014, citing Custer Medical Center v. United Automobile Insurance Co., 62 So. 3d 1086 (Fla. 2010). See United Auto. Ins. Co. v. Coral Gables Chiropractic PLLC, 162. So. 3d 1023 (Fla. 3d DCA 2014) (table).

Despite this Court's dismissal of UAIC's earlier petition, Gables Chiropractic now has filed its own writ of certiorari in this Court, seeking to quash the same circuit court appellate division opinion regarding its determination that UAIC could conduct discovery on the issue of the reasonableness of the charges. Gables Chiropractic argues that the circuit court appellate division's opinion

3

departs from the essential requirements of law because UAIC's failure to dispute the reasonableness of charges in UAIC's responses to Gables Chiropractic's request for production and interrogatories preluded UAIC from contesting and seeking discovery regarding reasonableness. We disagree.

II.    ANALYSIS

"A writ of certiorari is an extraordinary type of relief that is granted in very limited circumstances." Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014). To be entitled to certiorari, the petitioner is required to establish the following three elements: "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). "The last two elements, often referred to as 'irreparable harm,' are jurisdictional. If a petition fails to make a threshold showing of irreparable harm, this Court will dismiss the petition." Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (citing Bared & Co., Inc. v. McGuire, 670 So. 2d 153, 157 (Fla. 4th DCA 1996)).

Significantly, certiorari jurisdiction is not available to review every erroneous discovery ruling. See Bd. of Trs. of the Internal Improvement Trust Fund, 99 So. 3d at 456; Nucci, 162 So. 3d at 151. The Florida Supreme Court, and "other district courts of appeal have restated with frequency that overbreadth is *not*

4

*sufficient*, nor is it a basis, for certiorari relief." Bd. of Trs. of the Internal Improvement Trust Fund, 99 So. 3d at 456 (emphasis in original). Such jurisdiction will not be granted "for orders that deny 'a party's overbreadth or burdensomeness objections to discovery.'" Id. (quoting Katzman v. Rediron Fabrication, Inc., 76 So. 3d 1060, 1062 (Fla. 4th DCA 2011)). The same principle has been held to generally bar review of relevancy objections to discovery. Killinger v. Guardianship of Grable, 983 So. 2d 30, 32 (Fla. 5th DCA 2008) ("While certiorari may be used to review pre-trial orders compelling discovery, it is generally not appropriate simply based on an argument that the discovery request is overbroad, irrelevant, or burdensome."). Here, UAIC seeks to depose Gables Chiropractic's corporate representative regarding the reasonableness of the charges incurred for Olivera's medical services. Considering that Olivera did not obtain chiropractic treatment until over a year after the date of his automobile accident, UAIC is surely entitled to determine whether Gables Chiropractic's charges for his medical services were reasonable. Because section 627.736(4)(b)(6) allows an insurer to dispute the reasonableness of charges at any time, including after payment of the claim, the fact that UAIC issued payments in amounts of $2,873.12 for PIP benefits does not dispose of the issue of the charges' reasonableness.

Moreover, Gables Chiropractic has failed to establish any showing of good cause as to why the circuit court appellate division's opinion permitting this

discovery should be quashed. Gables Chiropractic does not assert that they will suffer a material injury of an irreparable nature if their corporate representative is deposed, and make no mention of any privileged information being at issue whatsoever. "[W]e agree with those who suggest that erroneous orders that require overbroad discovery of nonprivileged documents should be subjected to certiorari review more cautiously than erroneous orders requiring discovery of confidential or privileged matters." Megaflight, Inc. v. Lamb, 749 So. 2d 594, 595 (Fla. 5th DCA 2000); accord Nucci, 162 So. 3d at 151.

Because there is no privileged information at issue here, it is clear that granting Gables Chiropractic's petition for second-tier certiorari relief is not merited. We conclude that UAIC "may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Fla. R. Civ. P. 1.280(b)(1).

III.    CONCLUSION

Because the requested deposition and associated information are relevant to the disputed issue of reasonableness, and Gables Chiropractic has failed to demonstrate irreparable harm through its disclosure, we conclude that the information is discoverable, and that the circuit court appellate division did not err in quashing the trial court's order. We reiterate that overbreadth alone is not a

basis on which second-tier certiorari jurisdiction will be granted. Accordingly, Gables Chiropractic's petition for second-tier certiorari is dismissed.