# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-331
Lower Tribunal No. 15-15438
_____

## Rebecca Fernandez-Andrew,
Petitioner,

vs.

## Florida Peninsula Insurance Company,
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Alvarez, Carbonell, Feltman & DaSilva, P.L., and Paul B. Feltman, for petitioner.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Jose E. Bosch (Tampa), for respondent.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

LAGOA, J.

The insured, Rebecca Fernandez-Andrew ("Petitioner"), petitions this Court

for a writ of certiorari seeking to quash the trial court's order abating her

declaratory judgment action against the insurer, Florida Peninsula Insurance Company ("FPIC"), and enforcing the option to repair provision contained in the insurance policy at issue. Because Petitioner has failed to meet the threshold requirement of showing that the circuit court's order creates irreparable harm, we dismiss the petition for writ of certiorari for lack of jurisdiction.

I.      FACTUAL AND PROCEDURAL HISTORY

The Petitioner had a homeowner's insurance policy with FPIC. The policy contained an option to repair provision:

> 9. Our Option
> At our option, in lieu of issuing any loss payment, if we choose to exercise our option:
> a. For losses settled on an actual cash value basis, we may repair or replace any part of the damaged property with material or property of like kind and quality;
> b. For losses covered under Coverage A – Dwelling, insured for Replacement Cost Loss Settlement as outlined in Section 1 – Conditions, Loss Settlement, we may repair the damaged property with material of like kind and quality without deduction for depreciation.
>       . . . .
> f. You must execute all work authorizations to allow contractors and related parties entry to the property.
> g. You must otherwise cooperate with repairs to the property.
>       . . . .
> i. Our right to repair or replace, and our decision to do so, is a material part of this contract and under no circumstances relieves you or us of our mutual duties and obligations under this contract.

Petitioner's home was damaged as a result of a plumbing leak that occurred on July 20, 2014, while the policy was in full force and effect. Petitioner reported the loss to FPIC on July 30, 2014, and FPIC thereafter informed Petitioner that her covered damages would be repaired.

In early October, 2014, FPIC sent two contractors, one of which was Florida Executive Builders ("FEB"), to the property. Each provided an estimate of repairs. On November 25, 2014, Petitioner's public adjuster, Robert Inguanzo ("Inguanzo"), sent FPIC a letter stating a "damage estimate comparison depicting an overall difference of $13,852.23 due to scope differences." Petitioner subsequently signed the work authorization for FEB, adding the handwritten words, "All rights reserved; Executed under protest." Petitioner continued to assert that FPIC provide an updated estimate and scope of work that matched Inguanzo's estimate, and that prior to beginning work, FPIC assure her that the work performed by FEB would comply with the scope detailed in Inguanzo's estimate.

In July of 2015, Petitioner filed a complaint for declaratory relief, seeking a determination of, among other things, the scope of repairs to be performed and whether the option to repair provision was properly invoked under the terms of the policy. In response, FPIC filed a motion to abate action and/or compel Plaintiff [Petitioner] to comply with FPIC's right to exercise option to repair damaged property. Petitioner then filed a motion for summary judgment and response to FPIC's motion to abate and/or compel.

3

Petitioner argued that FPIC's estimate was insufficient and failed to address all needed repairs given the scope of damage and that Inguanzo's estimate accurately reflected the full scope, cost, and extent of damages. After a hearing, the trial court entered an order granting FPIC's motion to abate action and/or compel Petitioner to comply with FPIC's option to repair.

II.    ANALYSIS

The Supreme Court of Florida has made clear that certiorari relief is available in limited circumstances, and that a showing of irreparable harm is a condition precedent to invoking this Court's certiorari jurisdiction:

> A finding that the petitioning party has "suffered an irreparable harm that cannot be remedied on direct appeal" is a "condition precedent to invoking a district court's certiorari jurisdiction."
>
> If the party seeking review does not demonstrate that it will suffer material injury of an irreparable nature, then an appellate court may not grant certiorari relief from a non-appealable non-final order.

Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454–55 (Fla. 2012) (citations omitted). See also Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 293 (Fla. 3d DCA 2016) (stating that if a petition for certiorari fails to make a threshold showing of irreparable harm, the Court will dismiss the petition).

Because Petitioner seeks review of a non-final order for which no appeal is provided by Florida Rule of Appellate

4

Procedure 9.130, this Court's review is limited to a determination of whether Petitioner has established that the trial court's order granting FPIC's motion to abate and to compel Petitioner to comply with FPIC's option to repair constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on postjudgment appeal, such that certiorari relief is warranted.  See Bd. of Trs. of Internal Improvement Tr. Fund, 99 So. 3d at 454–55; Coral Gables Chiropractic, 199 So. 3d at 294; Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807 (Fla. 3d DCA 2014).

In support of Petitioner's contention that she has demonstrated irreparable harm, Petitioner asserts that the work authorization is a full release of liability in favor of FPIC, and that it "inoculates" FPIC from any attempt by Petitioner to lift the abatement and re-open proceedings against it.  At oral argument, however, counsel for FPIC represented to this Court that after the repairs are made, Petitioner may properly seek to lift the abatement in order to dispute the scope of repairs or allege the failure of FPIC to return the property to its pre-loss condition.

Because FPIC agrees that Petitioner is not precluded from maintaining her suit after FEB completes its repairs to the property, the trial court's order does not result in irreparable harm, see generally K.G. v. Florida Dep't of Children & Families, 66 So. 3d 366, 368 (Fla. 1st DCA 2011) ("A petitioner can show irreparable harm by demonstrating either

5

that the injury cannot be redressed in a court of law or that there is no adequate legal remedy."), and relief via certiorari is not available. Because Petitioner has not made a threshold showing of irreparable harm, this Court need not reach the issue of whether the trial court's order constitutes a departure from the essential requirements of the law.

III.    CONCLUSION

Based on the particular facts and circumstances of the instant case, we conclude that the petition fails to establish that the trial court's order of abatement results in irreparable harm. Accordingly, we dismiss the petition for certiorari for lack of jurisdiction.

Dismissed.