# Third District Court of Appeal

**State of Florida**

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-415
Lower Tribunal No. 15-7750
_____

**Felipe Hernandez and Ana Hernandez,**
Petitioners,

vs.

**Florida Peninsula Insurance Company,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Billbrough & Marks, P.A., and Geoffrey B. Marks, for petitioners.

Conroy Simberg, and Diane H. Tutt (Hollywood) and Robert S. Horwitz (West Palm Beach), for respondent.

Before WELLS, ROTHENBERG, and SALTER, JJ.

ROTHENBERG, J.

Felipe Hernandez and Ana Hernandez (collectively, "the Petitioners")

petition for a writ of certiorari seeking to quash the trial court's order abating their declaratory judgment and breach of contract claims filed against their insurer, Florida Peninsula Insurance Company ("FPIC"). Because the Petitioners have failed to meet the threshold requirement of showing that the trial court's order creates an irreparable harm, we dismiss the petition for writ of certiorari.

## FACTS AND PROCEDURAL HISTORY

After sustaining water damage to their home, the Petitioners filed a claim with their insurer, FPIC. FPIC inspected the property and notified the Petitioners that in lieu of issuing a payment for the covered loss, it was exercising its option to repair under the following policy provision:

**9. Our Option.**

> At our option, in lieu of issuing any loss payment, if we choose to exercise our option:
> **a.** For losses settled on an actual cash value basis, we may repair or replace any part of the damaged property with material or property of like kind and quality;
> **b.** For losses covered under Coverage **A** – Dwelling, insured for Replacement Cost Loss Settlement as outlined in SECTION I – CONDITIONS, Loss Settlement, we may repair the damaged property with material of like kind and quality without deduction for depreciation.
> . . . .
> **e.** You must provide access to the property and execute any necessary municipal, county or other governmental documentation or permits for repairs to be undertaken.
> **f**. You must execute all work authorization to allow contractors and related parties entry to the property.
> **g.** You must otherwise cooperate with repairs to the property.
> . . . .

2

**i.** Our right to repair or replace, and our decision to do so, is a material part of this contract and under no circumstances relieves you or us of mutual duties and obligations under this contract.

FPIC notified the Petitioners that the covered damages would be repaired under FPIC's Managed Repair Program and provided the Petitioners with the name of the licensed and insured general contractor selected by FPIC. In addition to the selected contractor, FPIC provided the Petitioners with the names of two other contractors that the Petitioners could select from to repair the covered damages. The selected contractor sent the Petitioners a work authorization form, but the Petitioners refused to sign the form.

Approximately two months later, the Petitioners filed the underlying action against FPIC. In Count 1 of the amended complaint, the Petitioners alleged that FPIC breached the policy by failing to pay for the covered loss to their property. In Count 2, the Petitioners asserted a claim for declaratory relief, seeking a declaration as to their rights and FPIC's obligations under the policy, including matters such as the scope of repairs.

In response to the amended complaint, FPIC filed a motion to abate or stay the action, asserting that it had timely exercised its option to repair the damaged property to its pre-loss condition, but the Petitioners have refused to sign the work authorization. FPIC argued that any cause of action for the covered loss is premature because the repairs have not yet commenced due to the Petitioners'

3

refusal to execute the work authorization form. In response, the Petitioners asserted that they were in doubt as to their rights under the policy, and that the abatement of their action would be tantamount to a dismissal of their declaratory relief action.

At the hearing on the motion to abate, FPIC requested that the trial court abate the action and require the Petitioners to allow FPIC onto the property to make the repairs. Importantly, FPIC acknowledged that if the Petitioners believe that "the property isn't put back to its pre-loss condition," the Petitioners would then have a "proper cause of action" against FPIC. The trial court ruled that it was granting the motion to abate, and that the Petitioners "need to go through the process." Thereafter, the trial court entered its written order granting FPIC's motion to abate or stay. The Petitioners' timely petition for writ of certiorari followed.

## ANALYSIS

"To obtain a writ of certiorari, the petitioner must show (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002). The second and third elements are "sometimes referred to as irreparable harm," Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012), and "[t]he

4

establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction." Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014). Therefore, if the petitioner fails to make a prima facie showing of irreparable harm, this Court must dismiss the petition as it lacks jurisdiction. See Bared & Co., Inc. v. McGuire, 670 So. 2d 153 (Fla. 4th DCA 1996) ("If petitioner has failed to make a prima facie showing of irreparable harm, [appellate court] lacks jurisdiction and will enter an order *dismissing* the petition [for writ of certiorari].").

As previously stated, the Petitioners contend that they have established irreparable harm because the abatement of their action effectively amounts to a dismissal of their amended complaint. We disagree.

In Fernandez-Andrew v. Florida Peninsula Insurance Co., Case No. 3D16-331 (Fla. 3d DCA Jan. 25, 2017), this Court addressed the exact provision at issue in the instant case. Fernandez-Andrew argued that she had established irreparable harm because "the work authorization is a full release of liability in favor of FPIC, and it 'inoculates' FPIC from any attempt by Petitioner to lift the abatement and re-open proceedings against it." This Court rejected Fernandez-Andrew's argument because FPIC's counsel represented during oral argument "that after the repairs are made, [Fernandez-Andrew] may properly seek to lift the abatement in order to dispute the scope of repairs or allege the failure of FPIC to return the property to its pre-loss condition."

5

In the instant case, the Petitioners contend that abatement of their action effectively amounts to a dismissal of their amended complaint. This argument is, however, refuted by the arguments made by FPIC before the trial court and in its response to the petition for writ of certiorari. In both the argument made to the trial court and in the petition, FPIC asserted that the action is "premature" because FPIC has not had an opportunity to repair the damage due to the Petitioners' failure to execute the work authorization. More importantly, FPIC's counsel represented to the trial court that after the damage is repaired, if the Petitioners believe that "the property isn't put back to its pre-loss condition," the Petitioners would then have a "proper cause of action" against FPIC. FPIC has therefore acknowledged that once the licensed and insured contractor has completed the repairs, the Petitioners may properly seek to lift the abatement in order to allege that the property was not returned to its pre-loss condition, which would include any dispute as to the scope of repairs. Thus, the trial court's order abating the Petitioners' action does not constitute an irreparable harm. Because the Petitioners have failed to meet the threshold requirement of showing that the trial court's order creates an irreparable harm, we dismiss the petition for writ of certiorari.

Dismissed.