LUCK, J., concurring: The majority opinion grants the petition for writ of certiorari because “[a] trial court’s denial of a party’s right to depose a material witness has been found to constitute irreparable harm subject to certiorari review.” Maj. Op. at 719.1 concur because the majority opinion faithfully applies our precedent.[1] I write separately because in my view we have stretched our certiorari jurisdiction too far in reviewing mid-litigation orders denying discovery depositions. “Certiorari review of a discovery order is permitted,” as the majority opinion correctly explains, “when the discovery order departs from the essential requirements of law, causing material injury to a petition throughout the remainder of the proceedings and effectively leaving no remedy on appeal.” Id. “The second and third elements are sometimes referred to as irreparable harm, and [t]he establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.” Hernandez v. Fla. Peninsula Ins. Co., 211 So.3d 1126, 1128 (Fla. 3d DCA 2017) (quotations omitted; alteration in original). In our cases granting certiorari review where the trial court denied a party the right to depose a material witness, the only rationale we have given for meeting the jurisdictional-irreparable-harm standard has been that “such a denial cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.” Ruiz, 599 So.2d at 198 (quotation omitted). Judge Padovano has explained the weaknesses of this rationale as it applies to mid-litigation discovery disputes: The reason most often given for allowing review of an order denying discovery is that the appellate court would not know what the information was that was excluded and, as a consequence, the court would not know how the information might have affected the outcome of the case. This argument has some practical appeal but it also has two weaknesses. First, it is an argument that could be made about any order denying discovery. The danger in applying the rationale of the argument too freely is that it might convert an extraordinary remedy into a routine step in the process. Second, the argument fails to take full account of the remedies that are available on direct appeal. In many cases it may be an adequate remedy to reverse the judgment for a new trial to be conducted with the benefit of the discovery previously denied. Philip J. Padovano, Florida Appellate Practice § 30:5 (2016 ed.) (footnote omitted). I agree with Judge Padovano because there are practical ways, pre-judgment, the party seeking to depose a material witness can present that witness’s testimony to preserve the argument that the lack of deposition affected the result. The party seeking to depose the material witness can: (1) proffer the questions and anticipated testimony; (2) have the attorney proffer the harm caused in preparing the case for trial; (3) subpoena the material witness for trial and question the witness outside the presence of the jury; (4) subpoena the material witness for trial.and ask the deposition questions in front of the jury; (5) take the deposition after trial in support of a new trial motion; (6) ask that the material witness be ordered to present an affidavit of anticipated testimony; or (7) seek some combination of these things. Using, these tools, we regularly review as an issue on .final appeal whether there was a reasonable probability an error affected the result of- the trial (the harmless error standard) based on proffered testimony that was excluded. We could easily do the same for the harmful denial of a discovery deposition. Ms. Adkins’s case presents a good example. The trial court effectively' (because of imposed costs) denied her the right to depose a material witness in advance -of the evidentiary hearing on guardianship fees. Ms. Adkins could have proffered the questions she would have asked at the deposition and what the anticipated answers would have been. Ms, Adkins could have called the material witness to testify at the evidentiary hearing, asked the same questions she would have asked at the deposition, and pointed opt to the trial court how she was prejudiced by not having that information in advance of the hearing. Either way, we would know prejudgment what the deposition testimony would have been and how it would have affected Ms. Adkins’s preparation for, and the result of, the hearing. Because it is difficult to show that trial court error cannot be fixed as part of a final appeal, the “general rule” is that orders denying discovery are ordinarily not reviewable by certiorari, Ruiz, 599 So.2d at 197. This general rule is consistent with our constitutional structure limiting direct appeals of nonfinal orders, and saving everything else for final appeal. See Fla. Const, art. V, § 4(b)(1) (“District courts of appeal shall have jurisdiction to hear appeals, that may. be taken as a matter of right, from final judgments or orders of trial courts .... They may review interlocutory orders in such cases to the extent' provided by rules adopted by the supreme court.”); Fla. R. App. P. 9.130(a)(3) (“Appeals to the district courts of appeal of non-final orders are limited ....”). Loosening our certiorari jurisdiction to review all improper denials of material witness depositions, as we have done, is a backdoor way around the constitutional limitation on appeals from nonfinal orders, and usurps the Florida Supreme Court’s authority to designate certain nonfinal orders as- ap-pealable. • If I were writing oil a clean slate, instead of a blanket rule finding irreparable harm in all cases.where the trial court denied a deposition of a material: witness, I would look on a case-by-case basis whether the discovery error caused a material injury to the petitioner that affected the rest of the proceedings, and that cannot be remedied on direct appeal. However, there being, no clean slate, the majority opinion correctly applies our district’s case law, and I join it. . See, e.g., Sabol v. Bennett, 672 So.2d 93, 94 (Fla. 3d DCA 1996) ("This court has previously recognized that an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result, (quotation omitted)); Medero v. Fla. Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995) ("[Cjertiorari review of orders denying discovery has been granted where it was found that the injury caused by the order was irreparable. In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.” (citation and quotation omitted)); Ruiz v. Steiner, 599 So.2d 196, 198 (Fla. 3d DCA 1992) ("[T]he denial of the right to take testimony of an alleged material witness ... cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.” (quotation omitted)).