# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1268
Lower Tribunal No. 18-35789
_____

**Beatriz Estrada and Buysmart Insurance, Inc.,**
Petitioners,

vs.

**Carlos Chirinos,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

AV Professional Association, and Alba Varela, for petitioners.

Law Offices of Gold & Parado, and James L. Parado and Alan C. Gold, for respondent.


Before EMAS, C.J., and HENDON and GORDO, JJ.

HENDON, J.

Beatriz Estrada and Buysmart Insurance, Inc. seek a petition for certiorari directed to the order of the lower court denying their motion for a protective order and requiring them to provide certain discovery to the Respondent, Carlos Chirinos, subsequent to a court-ordered confidentiality agreement. The Petitioners assert that the ordered discovery is irrelevant, overbroad, and will disclose sensitive financial business information. We find that the Petitioners have not demonstrated the threshold material harm that cannot be remedied on appeal and dismiss the petition.

"A writ of certiorari is an extraordinary type of relief that is granted in very limited circumstances." Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014). To be entitled to certiorari, the petitioner is required to establish the following three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Williams v. Oken, 62 So. 3d 1129 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). The "irreparable harm" elements are jurisdictional. "If the jurisdictional prongs of the standard three-part test are not fulfilled, then the petition should be dismissed" as certiorari does not lie. Am. Prime Title Servs., LLC v. Wang, No. 3D20-1153, 2021 WL 358605, at *2 (Fla. 3d DCA Feb. 3, 2021) (citing Parkway

2

Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995)); Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (holding if a petition fails to make a threshold showing of irreparable harm, the appellate court will dismiss the petition). The Petitioners primarily argue that the lower court departed from the essential requirements of the law by failing to conduct an evidentiary hearing to determine whether Chirinos is a shareholder of Buysmart with standing to maintain the suit and that Chirinos' request for documents was made for a proper purpose. What the Petitioners fail to demonstrate is whether the discovery order results in irreparable harm that cannot be remedied on post-judgment appeal.

The Petitioners contend that the trial court's order requiring them to disclose ten years' worth of Buysmart's deposit slips and bank statements "with the names of non-party customers seeking insurance from Buysmart and/or its customer list" is a "cat out of the bag" discovery that would cause irreparable harm to the Petitioners. This, however, is not what the discovery order says. The discovery order requires the Petitioners to produce all financial documents and records evidencing financial transactions between Estrada, Chirinos, and Buysmart from October 22, 2011 to the present, including, but not limited to, bank statements, credit card statements, canceled checks, deposits, receipts, distributions, contributions of capital,

3

and reimbursement of expenses. The trial court stated that these items would show whether Chirinos was, in fact, treated as a shareholder or not, for purposes of determining his standing to maintain the suit.[1] The trial court required the parties to fashion and file a confidentiality agreement that addressed these issues prior to providing the required discovery. Instead, the Petitioners filed this petition for certiorari. The Petitioners do not address how the courts' stated limitations on shareholder discovery between the parties will result in irreparable harm that cannot be addressed on post-judgment appeal. See Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003) (holding a party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party); Allstate Ins. Co. v. Langston, 655 So. 2d 91 (Fla. 1995) (holding discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to

---

[1] The trial court bifurcated the case, first proceeding on discovery related to Chirinos' status as shareholder in order to determine his standing to maintain the suit, and then to proceed, or not, with damages discovery once the shareholder standing issue was resolved. The Petitioners' arguments regarding an accounting are related to the damages phase and are therefore premature.

admissible evidence).  A trial court has broad discretion in controlling discovery and in balancing "the right to privacy and the right to know." Id. The trial court's discretion in this regard is not limited by specific rules or formulas. Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013).

Further, the Petitioners' overbreadth claim is not sufficient nor is it a basis for certiorari relief.  Bd. of Trustees of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 456 (Fla. 2012); Killinger v. Guardianship of Grable, 983 So. 2d 30, 32 (Fla. 5th DCA 2008) ("While certiorari may be used to review pre-trial orders compelling discovery, it is generally not appropriate simply based on an argument that the discovery request is overbroad, irrelevant, or burdensome.").

Because the record fails to show that the Petitioners demonstrated the required threshold irreparable harm to support certiorari relief, we dismiss the petition for lack of jurisdiction.

Petition dismissed.