# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2233
Lower Tribunal No. 25-21865-CA-01
_____

**Victor Milanes, et al.,**

Petitioners,

vs.

**Todd Hannon, et al.,**

Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Law Firm of Juan-Carlos Planas, and Juan-Carlos Planas; Kato Law, and Natalie Anne Kato (Tallahassee), for petitioners.

George Wysong, III, City Attorney and Eric Eves, Chief Appellate Counsel; Lydecker LLP and Forrest Lee Andrews, Stephen H. Johnson and Abril Smith; RHF Law Firm, LLC, and Robert H. Fernandez; Coffey Burlington, P.L., and Scott A. Hiaasen; Lawson Huck Gonzalez, PLLC, and Mathew D. Gutierrez; Paul Huck, Jr., Anthony J. Sirven, Matthew K. Casbarro, Brian M. Trujillo, C. Alan Lawson (Tallahassee), and Jason B. Gonzalez (Tallahassee), for respondents.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

BOKOR, J.

Petitioners Victor Milanes, Oscar Elio Alejandro, and Alejandro Almirola[1] seek certiorari review of the trial court's decision to defer ruling on their challenge to commission candidate Frank Carollo's eligibility to appear on a runoff ballot. In the trial court, Milanes sought a temporary injunction, declaratory relief, and relief under section 102.168, Florida Statutes. The trial court denied injunctive and declaratory relief. Relevant to the petition, the trial court deferred ruling on the post-election challenge under section 102.168 until after the runoff election. Milanes does not appeal the denial of the injunctive relief, but "challenges the failure of the court to rule on the post-election challenge" via certiorari. Because this is not a proper exercise of certiorari review, and the petitioners cannot show irreparable harm, we dismiss the petition.

## I. Background

On November 4, 2025, the City of Miami held municipal elections for District 3 Commissioner. Frank Carollo received 37.77% of the vote; Rolando Escalona received 17.39%; and Oscar Alejandro received 11.93%. Under the City Charter, if no candidate receives a majority of votes cast, then the

---

[1] Petitioners Milanes and Almirola are registered voters residing in City of Miami Commission District 3. Alejandro is the third-place finisher in the November 4, 2025 election for that commission district. We use Milanes to refer to all petitioners unless otherwise noted.

top two candidates compete in a runoff election.[2] On the same November 4

ballot, the voters, by majority vote, approved Referendum 4:

**Charter Amendment to Establish Lifetime Term Limits for Elected Officials with a Retroactive Effective Date**

Shall the City Charter be amended to provide that no person who has been elected or appointed two (2) times, excluding times when elected to fill a vacancy, to the office of Mayor or Commissioner shall be eligible for reelection to that office during their lifetime, that the term limits shall be measured retroactively from each elected official's first election or appointment, and that this amendment shall become effective immediately?

Milanes filed suit in circuit court, seeking (1) a declaration that the passage

of Referendum 4 had disqualified Frank Carollo from participating in the

runoff; (2) an injunction to replace Carollo's name in the printed runoff

materials with Alejandro's; and (3) post-election relief under section 102.168,

Florida Statutes.

The trial court denied Milanes's request for declaratory and injunctive

relief but deferred ruling on post-election relief under section 102.168. When

the court entered its written order, Milanes filed a "Notice of Appeal of Final

Judgment," attaching the order denying the injunction. But Milanes

subsequently filed an amended notice and a petition for certiorari and

explained that the petitioners were not seeking review of the order denying

---

[2] Here, the runoff election is set for December 9, 2025.

3

injunctive relief under Florida Rule of Appellate Procedure 9.130(a)(3)(B). Instead, Milanes sought certiorari review of the deferred post-election claim for relief under section 102.168, Florida Statutes.

## II. Analysis

Milanes seeks an opinion "directing the trial court to rule on the pending post-election challenge case which seeks to remove Frank Carollo from the runoff ballot." But "after review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders." Gulf Oil Realty Co. v. Windhover Ass'n, Inc., 403 So. 2d 476, 478 (Fla. 5th DCA 1981); see also Piquet v. Clareway Props. Ltd., 314 So. 3d 423, 428 (Fla. 3d DCA 2020) ("[T]his Court's authority, on certiorari review, is limited to quashing the lower court's order."). Milanes doesn't seek review of any order, he seeks a directive from this court to the trial court that it must rule. This is inappropriate for certiorari review. As this court has explained, "absent an order entered below, we lack certiorari jurisdiction." Schwartz v. Banks, 273 So. 3d 241, 243 (Fla. 3d DCA 2019); see also Broward County v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 843–44 (Fla. 2001).

Also, assuming we could review the trial court's decision to defer ruling, it would still not warrant certiorari relief. A petitioner must demonstrate "a threshold showing of irreparable harm"; that is, a "material injury for the remainder of the case [] that cannot be corrected on postjudgment appeal." Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 294 (Fla. 3d DCA 2016) (internal quotation marks omitted). Absent such a threshold showing, "this Court will dismiss the petition." Id. (quotation omitted).

Milanes seeks a runoff election between the two qualified candidates who received the most votes. Milanes explains that by allowing the runoff election to proceed with an unqualified candidate, the voters would be deprived of the ability to choose between the two qualified candidates receiving the most votes. But irreparable harm triggering certiorari relief results from an injury that "effectively leaves no adequate remedy at law." Boby Express Co. v. Guerin, 930 So. 2d 842, 843 (Fla. 3d DCA 2006). And here, a legal remedy exists after the runoff election that would do what Milanes seeks. See Pepper v. Cobo, 785 So. 2d 718, 719 (Fla. 3d DCA 2001) (invalidating a runoff election because a candidate was not qualified to run and ordering a new election between the two qualified candidates with the highest number of votes); see also Burns v. Tondreau, 139 So. 3d 481, 488

5

(Fla. 3d DCA 2014) ("Section 102.168(3)(b), however, expressly authorizes post-election challenges involving the eligibility of a successful candidate for the office in dispute."). No irreparable harm exists where the trial court hasn't decided the issue and a possible remedy would be what the petitioners seek.

**III. Conclusion**

We take no position on the ultimate merits of Milanes's challenge to candidate Frank Carollo's qualification or eligibility to hold office. But because "the petitioner fails to make a prima facie showing of irreparable harm, this Court must dismiss the petition as it lacks jurisdiction." Hernandez v. Fla. Peninsula Ins. Co., 211 So. 3d 1126, 1128 (Fla. 3d DCA 2017). We therefore dismiss the petition.

Dismissed.